CITY OF CUYAHOGA FALLS, APPELLEE, *v.* BOWERS, APPELLANT.

[Cite as Cuyahoga Falls *v.* Bowers (1984), 9 Ohio St. 3d 148.]

(No. 83-792—Decided February 15, 1984.)

*Mr. Gerald L. Pursley,* director of law, and *Mr. Daniel M. Colopy,* prosecuting attorney, for appellee.

*Messrs. Gurney, Miller & Mamone, Mr. Joseph A. Mamone* and *Mr. Jeffrey W. Brader,* for appellant.

SWEENEY, J. The question certified to this court by the court of appeals "is whether the provision in R.C. 2937.07 for an explanation of circumstances following a plea of no contest has been superseded by the enactment of Crim. R. 11."[4] Additional issues concern whether the explanation of circumstances was sufficient even if the rule has not superseded the statute,

---

[4] The authority by which a procedural rule may supersede a procedural statute derives from Section 5(B), Article IV of the Ohio Constitution.

"Article IV, Section 5(B) of the Ohio Constitution, provides, in part: 'The Supreme Court shall prescribe rules governing practice and procedure, in all courts of the State, which rules shall not abridge, enlarge, or modify any substantive right * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.' Rules promulgated pursuant to this constitutional provision must be procedural in nature. Where a conflict arises between a rule and a statute, the rule will control the statute on matters of procedure. *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83, 86 [25 O.O.2d 156]. Conversely, a rule may not abridge, enlarge, or modify any substantive right and a statute will control a rule on matters of substantive law. *Id.*" *State* v. *Slatter* (1981), 66 Ohio St. 2d 452, 454 [20 O.O.3d 383].

and whether appellant's constitutional rights were violated with respect to his plea and his right to counsel.

R.C. 2937.07 provides in pertinent part:

"If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * *"

Crim. R. 11(B)(2) provides:

"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint * * *."

Appellant contends that "[t]he requirement of Ohio Revised Code § 2937.07 that the Judge take an explanation of circumstances on a plea of no contest before making a finding of guilty or not guilty confers a substantive right which may not be abrogated by the Criminal Rules and remains as a duty of the trial judge." Appellant finds substantial support for his position in *Springdale, supra.* With reference to the certified question presented herein, the *Springdale* court stated at pages 259-260 as follows:

"The question then presented is: Does the criminal rule supersede R.C. 2937.07 because it is a procedural statute, or contrarily, does the section include substantive provisions of the law which survive the rule? In our opinion, the * * * language of the statute contains a substantive right. In other words, we believe that a defendant has a substantive right to be discharged by a finding of not guilty where the statement of facts reveals a failure to establish all of the elements of the offense. If this were not so, assuming the complaint or indictment to be properly worded, the trial court would be bound to ignore a failure of the facts to establish a necessary element of a case and simply make the finding of guilty in a perfunctory fashion. We do not believe that is what the rule intends, and it is difficult for us to conceive a more substantive right than to be found not guilty under proper circumstances."

We find the *Springdale* court's reasoning to be persuasive and hereby adopt its conclusion that R.C. 2937.07 confers a substantive right. Therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. Consequently, we reject appellee's contention and the holding of the court below that R.C. 2937.07 is purely procedural and hence susceptible to supersession by the Criminal Rules.

The second issue is whether the trial court in the case at bar met the requirement for an explanation of circumstances. Appellee contends that even if, as we have determined, R.C. 2937.07 is substantive, then the requisites of an explanation were satisfied based on the documentary evidence submitted to the court. This evidence consisted of the traffic citations issued to appellant, the report of a chemical breath test administered to him, the arresting officer's report, and the accident report. As appellant observes, however, "[t]here is nothing in the record of this case to show that any

papers or documents of any kind were considered by the Municipal Court in determining the guilt or innocence of Appellant or that there was any explanation of circumstances considered. * * * [T]he only document that the record shows the Court to have actually considered is a computer printout of the Appellant's driving record * * *."

For this reason, appellee's reliance on *State* v. *Herman* (1971), 31 Ohio App. 2d 134 [60 O.O.2d 210], is misplaced. While in *Herman* the court did look to the complaint and the officer's notes on the back of the complaint as a basis for its finding of guilty, the court also read the complaint and notes into the record, thereby providing the statutorily required explanation of circumstances. In the instant case the record is silent as to whether the court based its decision on the documentary evidence in the file on whether it made its finding of guilty in the "perfunctory fashion" condemned in *Springdale* and now proscribed by this court.

The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation in this instance. Our review of the record indicates that no explanation of circumstances took place, notwithstanding the availability of documentary evidence that might have been the basis for meeting the statutory requirement. Therefore, appellee's contention that the trial court fulfilled the obligations imposed by R.C. 2937.07 is without merit and the plea must be vacated.

With respect to appellant's constitutional claims, we adhere "to our well-settled rule 'not to decide constitutional questions unless absolutely necessary.' *State, ex rel. Hofstetter,* v. *Kronk* (1969), 20 Ohio St. 2d 117, 119 [49 O.O.2d 440]. See, also, *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65 [44 O.O.2d 50]; *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207 [34 O.O.2d 420], paragraph one of the syllabus." *Anderson* v. *Jacobs* (1981), 68 Ohio St. 2d 67, 72, at fn. 11 [22 O.O.3d 268].

For the reasons hereinbefore stated, we hold that the provision in R.C. 2937.07 requiring an explanation of circumstances following a plea of no contest has not been superseded by the enactment of Crim. R. 11 because the statutory provision confers a substantive right. Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. Even assuming that R.C. 2937.07 is substantive, the judgments of the trial court and the court of appeals should not be reversed in that the trial judge had before him sufficient materials to review the charges against the defendant in order to satisfy the requirement that there be an "explanation of circumstances."

R.C. 2937.07 does not require the trial court to hear any evidence upon the defendant's plea of no contest in order for there to be an "explanation." The reasonable interpretation of the statute would require that there be sufficient material before the court to provide the judge with an understanding of the "circumstances." Here the trial judge had before him several reports prepared by the officers investigating the incident. There were traffic affidavits which indicated the date, time and location of the violations. The affidavits set forth a physical description of the defendant and a description of the automobile the defendant was driving. The affidavits included a description of the weather, traffic and road conditions. One of the affidavits included the letters "O.V.I." and the number ".22." These letters and digits indicated that a chemical test had been taken to determine alcohol level in the defendant's blood, and the results of the test. Also, an affidavit noted that there had been a vehicular accident.

The trial court in this latter regard had the accident report before it showing a one-vehicle accident with no personal injuries. There was an alcohol influence report detailing the defendant's physical motor skills, his ability to drive, the level of intoxication as noticed by the officer, as well as notations of conversation of the defendant with the officers.

I am at a loss to determine what additional material the trial judge would need to more than sufficiently inform him of the surrounding circumstances leading to the arrest of the defendant and the basis for the charges filed against him. Obviously, the requirements of R.C. 2937.07 as to "an explanation of the circumstances" were met here, and accordingly, I would affirm the judgment of the court of appeals. Although I feel certain that the trial judge reviewed all such aforestated material which was within the case file, perhaps there would be an avoidance of the result here if the judge would refer to such reports in his order.