OPINION
Defendant-appellant, Erik Hurchanik, appeals his conviction for possession of an open container of beer in a motor vehicle in violation of R.C. 4301.62.
On December 12, 1996, Deputy Greg Vondenbeken of the Warren County Sheriff's Office issued a citation to Hurchanik for underage possession of beer and wine in violation of R.C.4301.632. Hurchanik entered a plea of not guilty and filed a motion to suppress, a motion to independently test evidence, and a motion to dismiss. After the trial court overruled all of his motions, Hurchanik pled no contest to possession of an open container in violation of R.C. 4301.62.
On appeal, Hurchanik asserts two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS THE FRUITS OF THE ILLEGAL WARRANTLESS SEARCH.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE CASE SINCE THE PLAINTIFF THREW AWAY THE LIQUID SUSPECTED OF CONTAINING ALCOHOL AND THE CONTAINERS AND MERELY RETAINED A PHOTOGRAPH OF THE "EMPTIES."
In his second assignment of error, Hurchanik argues that the evidence was insufficient to support a conviction for possession of an open container. When a defendant enters a plea of no contest, the defendant waives several constitutional rights, including the right to have the prosecution prove its case beyond a reasonable doubt. State v. Pernell (1976), 47 Ohio App.2d 261; State v. Hale (Nov. 15, 1993), Butler App. No. CA93-04-065, unreported. However, before relying upon a no contest plea to convict a defendant for a misdemeanor, R.C. 2937.07 requires an explanation of circumstances.[1] "A no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148,150. Thus, Hurchanik's argument is better characterized as an allegation that an explanation of circumstances does not support his conviction for possession of an open container in violation of R.C. 4301.62.
An explanation of circumstances must contain sufficient information to support all the essential elements of the offense. Bowers at 150; State v. Gilbo (1994), 96 Ohio App.3d 332, 337. Where an explanation of circumstances fails to satisfy all of the elements of an offense, a defendant has a substantive right to be discharged by a finding of not guilty. Bowers at 150, quoting, Springdale v. Hubbard (1977), 52 Ohio App.2d 255, 259-260.
In Bowers, even though the record contained documentation that was sufficient to support a finding of guilt, the Ohio Supreme Court refused to presume an explanation of circumstances from a record that was silent as to what evidence, if any, the trial court considered in rendering a guilty verdict. Bowers at 150-152. "The question is not whether the court could have rendered an explanation of circumstances sufficient to find appellant guilty based on the available documentation but whether the court made the necessary explanation in this instance." Bowers at 151. Thus, an explanation of circumstances is mandatory and cannot be presumed from a silent record. State v. Boerst (1973), 45 Ohio App.2d 240, 241; State v. Schniable (Apr. 9, 1997), Columbiana App. No. 95-CO-60, unreported.
In the present case, the record does not contain a transcript of the hearing where Hurchanik entered his plea of no contest. Although an appellant generally bears the burden of providing a transcript, we cannot presume an explanation of circumstances from a silent record. See State v. Ricciardi (June 7, 1988), Mahoning App. No. 88 C.A. 70, unreported. Moreover, unlike Bowers, the present record does not contain documentation that could support a finding of guilt from an explanation of circumstances.
Hurchanik pled no contest to a violation of R.C. 4301.62, which prohibits the possession of an "opened container" of beer or intoxicating liquor in a motor vehicle. When Deputy Vondenbeken approached Hurchanik's parked automobile, Hurchanik and his girlfriend were found kissing and partially clothed in the front seat. Deputy Vondenbeken proceeded to search Hurchanik's automobile and found several bottles of unopened beer and wine in a duffle bag that was in the back seat of Hurchanik's automobile. After the bottles were emptied, Deputy Vondenbeken cited Hurchanik for underage possession of beer and intoxicating liquor.[2] However, the record does not indicate that "opened containers" of beer or intoxicating liquor were discovered in Hurchanik's possession.[3] Thus, the prosecution's explanation of circumstances could not have been sufficient to support a finding that Hurchanik violated R.C. 4301.62. Accordingly, Hurchanik had a substantive right to be discharged by a finding of not guilty. See R.C. 2937.07; Bowers at 150.
Hurchanik's second assignment of error is sustained. Hurchanik's first assignment of error is rendered moot by our decision on his second assignment of error, and therefore need not be reviewed by this court. App.R. 12(A). The judgment of the trial court is reversed and Hurchanik is ordered discharged.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 2937.07 provides in relevant part:
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances.
[2] Hurchanik was cited for a violation of R.C. 4301.632, which prohibits a person under the age of twenty-one from possessing any beer or intoxicating liquor. Thus, unlike R.C. 4301.62, R.C.4301.632 is not limited to the possession of "opened containers."
[3] The state asserts that Hurchanik's girlfriend testified that there were opened bottles of beer ("Red Dog") in the automobile. However, the state's brief does not contain a citation to the page of the transcript relied upon and our review of the transcript does not reveal such testimony.