On April 29, 1998, defendant-appellant, Jerry Wells, Jr., entered a no contest plea to one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification pursuant to R.C. 2941.145(A). The Warren County Court of Common Pleas accepted appellant's plea and sentenced him to five years for aggravated robbery plus three years for the firearm specification, to be served consecutively. Appellant filed this appeal raising the following sole assignment of error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A THREE (3) YEAR MANDATORY GUN SPECIFICATION SENTENCE AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE THAT THE GUN BRANDISHED BY APPELLANT'S CO-DEFENDANT WAS OPERABLE.
On August 22, 1996, appellant along with David Griffith entered a hotel room at the Kings Island Inn. Griffith brandished a gun and held it on one of the occupants of the room while appellant stole the occupant's purse which contained her jewelry and money.[1] Appellant's argument that the firearm specification was against the manifest weight of the evidence fails in two respects.
First, appellant effectively admitted that the firearm was operable. A plea of no contest is an admission of the facts contained in the indictment. Crim.R.11(B)(2). Appellant's indictment stated in part as follows:
 [T]he offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense, contrary to and in violation of Section 2941.145(A) of the Ohio Revised Code * * *.
R.C. 2941.145(C) states that, as used in this section, "firearm" has the meaning as defined in R.C. 2923.11. Accordingly, a "firearm" is "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1). By pleading no contest, appellant admitted to using a firearm as defined in R.C. 2923.11, thus it follows that he effectively admitted that the firearm used in the robbery was in fact operable. It is illogical for appellant to argue on appeal that the firearm was inoperable.
Second, by pleading no contest, appellant is precluded from raising a manifest weight claim on appeal. See State v. Velez
(May 4, 1995), 1995 Ohio App. LEXIS 1863, at *9. By entering a plea of no contest, appellant has waived certain constitutional rights, including the right to have the state prove its case beyond reasonable doubt. State v. Hale (Nov. 15, 1993). Butler App. No. CA9304-065, unreported, at 5, citing State v. Pernell
(1976), 47 Ohio App.2d 261. Thus, appellant may not invite this court to weigh the evidence which was presented against him.State v. Thorpe (1983), 9 Ohio App.3d 1, 2. The court can only weigh the evidence where the defendant has pled not guilty and evidence on both sides has been presented. State v. McGhee
(Jan. 18, 1995), 1995 Ohio App. LEXIS 102, at *5.
We note that "a no contest plea cannot be the basis for a finding of guilty without an explanation of the circumstances." Hale at 5, citing Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148. Some explanation of the underlying facts is necessary to ensure that the trial court does not find a defendant guilty in a perfunctory fashion. Hale at 5.
The record of the April 29, 1998 hearing reveals that the prosecutor read the indictment, the gun specification, and a detailed account of the underlying facts into the record. Accordingly, the state fulfilled its threshold obligation to explain the circumstances surrounding the offense. Further, appellant admitted the facts contained in the indictment, and thus he is precluded from raising a claim that his conviction was against the manifest weight of the evidence.
Appellant's assignment of error is not well-taken. The judgment of the trial court is affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Regardless of the fact that appellant did not have the firearm on or about his person, he is subject to the three-year firearm specification as an unarmed accomplice. State v. Chapman
(1986), 21 Ohio St.3d 41, syllabus.