OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Edson William Martin, appeals the denial of his combination motion to withdraw plea and postconviction relief by the Trumbull County Court, Eastern Division. The following facts are relevant to a determination of this appeal.
On June 29, 1997, appellant was stopped by the Kinsman Township Police Department and cited for failure to control in violation of R.C. 4511.202; driving under suspension in violation or R.C.4507.02(B)(1); and failure to file for annual registration in violation of R.C. 4503.11. Appellant's initial appearance occurred on July 10, 1997, at which time he pled no contest to the charges and was found guilty of failure to renew his registration, and driving under suspension. The failure to control charge was dismissed. Appellant was not represented by counsel at that time. The trial court sentenced appellant on the same day.
On September 10, 1997, appellant, through counsel, filed a joint motion for postconviction relief and motion to withdraw plea. The trial court conducted a hearing on the motions on October 9, 1997, and denied the motions on October 30, 1997. On November 6, 1997, appellant filed a motion for the trial court to "state essential findings of fact on the record." Appellant's motion was overruled on the same day because the findings of fact had been "already stated orally on the record."
On November 25, 1997, appellant filed a notice of appeal in this court. The case was remanded to the trial court to enter findings of fact and conclusions of law, which the trial court entered on December 23, 1997.
Appellant has set forth two assignments of error in support of his appeal.[1] First, appellant contends that the trial court erred in overruling his motion for postconviction relief and motion to withdraw plea. Specifically, appellant asserts that the trial court failed to provide an explanation of circumstances following his plea of no contest and prior to the trial court's finding of guilt.
As explained by the Eighth District Court of Appeals in ChagrinFalls v. Katelanos (1988), 54 Ohio App.3d 157, 159:
 "[B]efore relying upon a no contest plea to convict a defendant for any misdemeanor, the court must comply with R.C. 2937.07. See Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 9 OBR 438, 459 N.E.2d 532, syllabus. Pursuant to that statute, the court `shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives' together with `any statement of [the] accused.' The court must then `make [a] finding of guilty or not guilty from the explanation of [the] circumstances.'"
The Supreme Court of Ohio has specifically held that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances" and that R.C. 2937.07 has not been superseded by the enactment of Crim.R. 11. Cuyahoga Falls v.Bowers (1984), 9 Ohio St.3d 148, 150. See, also, this court's opinion in State v. Wood (1996), 112 Ohio App.3d 621, 626. Additionally, the Supreme Court of Ohio held that the question is not whether the court could have rendered an explanation of circumstances based upon the available documentation, but whether the court made the necessary explanation. Bowers, at 151. The record must reflect that the trial court based its decision on the documentary evidence in the file and that the court did not rely solely on the no contest plea. Id.
In the case sub judice, it is clear from a review of the transcript that the trial court did not request an explanation of circumstances, nor did the prosecutor provide one. In fact, the state was completely silent during the entire proceedings. While appellant admitted prior to entering his plea that he did not have a valid Ohio operator's license and that his registration was not up to date, once appellant entered his pleas, the trial judge simply stated that appellant was being found guilty and he was then sentenced accordingly. In short, while there may have been enough of an admission by appellant to convict him on the two offenses, the record is devoid of any indication by the trial court that it based its decision on the explanation of circumstances as required by the Supreme Court's holding inBowers. We conclude, therefore, that the trial court erred in overruling appellant's motion to withdraw his plea as R.C.2937.07 had not been complied with.
Within appellant's first assignment of error, he also argues that the trial court failed to accurately explain his constitutional rights to him at the time of his plea and that the trial court erroneously advised him that he was waiving his right to appellate review. In light of our analysis of appellant's first issue, however, these issues are moot and need not be addressed pursuant to App.R. 12(A)(1)(c).
Due to the trial court's failure to comply with R.C. 2937.07, appellant's first assignment of error is sustained.
In the second assignment of error, appellant contends that the trial court erred by failing to make findings of fact and conclusions of law when it denied his petition for postconviction relief. While this issue is moot due to our earlier analysis, it is apparent from the record that the trial court entered findings of fact and conclusions of law upon remand from this court and, accordingly, this assignment of error is meritless.
Based upon the foregoing analysis, the judgment of the trial court is reversed and the matter remanded with instructions to reinstate the original charges.
____________________________________
JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., dissents,
NADER, J., concurs.
[1] We have also considered, sua sponte, whether res judicata
barred appellant from bringing a postconviction petition without first having raised these issues in a direct appeal. We conclude that res judicata was not a bar for the following reason. While the Supreme Court of Ohio has repeatedly held that res judicata is a proper basis upon which to dismiss a postconviction relief petition, the high court specifically limited the use of resjudicata to cases where the defendant was represented by counsel in the trial court. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus; State v. Cole (1982), 2 Ohio St.3d 112,113; see, also State v. Darden (1989), 64 Ohio App.3d 691,694. In the present case, appellant was not represented by counsel and, therefore, is not barred from raising these due process arguments.