Defendant-appellant Tara Marie Connole appeals from the Parma Municipal Court's order denying her motion to withdraw her no contest plea to motor vehicle violations two years after the sentence was imposed on the grounds that there was no explanation of the circumstances required by R.C. 2937.07 at the time of her plea and she did not understand she was pleading to a driving while intoxicated offense. We find merit to the appeal, vacate the plea and conviction and remand the case for further proceedings consistent with this opinion.
The defendant was involved in an automobile accident on July 10, 1996 in Westlake, Ohio. She was subsequently charged by the Westlake police with driving under the influence; driving with a prohibited concentration of alcohol; and failure to stop at a stop sign in violation of Westlake ordinances. The case was transferred to the Parma Municipal Court from the Rocky River Municipal Court for adjudication.
The defendant filed a motion to suppress claiming the Breathalyzer (DataMaster) solution used to test defendant was defective. Rather than contest that issue, the prosecution offered a plea bargain to amend the offenses to physical control (Cod. Ord. 333.01(d)); reckless operation (330.02(a); and failure to stop at a stop sign (333.19) in exchange for a no contest plea.
On December 18, 1996, a plea hearing was held before the Parma Municipal Court. Pursuant to the plea agreement, the defendant entered pleas of no contest and was found guilty of violating the amended charges. A review of the plea hearing transcript reveals that there was no explanation of the circumstances leading to the charges before the plea was accepted.
On January 15, 1997, the trial court imposed sentence upon the defendant that included a 72-hour driver intervention program, various fines and points on her driver's license and 12 months probation.
On April 27, 1998, defendant filed a motion to withdraw pleas and request for evidentiary hearing. The trial court denied the motion on May 21, 1998 and declined to rule on a subsequent motion for reconsideration. A timely notice of appeal was filed on June 19, 1998 from the denial of the withdrawal of the plea motion. This appeal was assigned Case No. 74727.
The journal entry finding defendant guilty on the three no contest pleas was not file stamped and dated by the Clerk of Parma Municipal Court until June 26, 1998. The defendant timely filed her notice of appeal therefrom on July 17, 1998. This appeal was assigned Case No. 74910. This Court granted consolidation of the appeals on August 5, 1998, pursuant to defendant's motion.
Defendant's assignments of error will be considered together as they involve common questions of fact and law.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY ACCEPTING HER PLEAS OF NO CONTEST AND FINDING HER GUILTY OF THE CHARGES WITHOUT FIRST RECEIVING, AS REQUIRED BY R.C. § 2937.07, AN EXPLANATION OF THE CIRCUMSTANCES TOGETHER WITH A STATEMENT OF FACTS WHICH SUPPORTS THE ESSENTIAL ELEMENTS OF EACH OFFENSE.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT DENIED HER MOTION TO WITHDRAW HER PLEAS OF NO CONTEST.
The second paragraph of R.C. 2937.07 provides in pertinent part:
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly.
"The provision in R.C. 2937.07 requiring an explanation of circumstances following a plea of no contest has not been superseded by the enactment of Crim.R. 11 because the statutory provision confers a substantive right." Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, syllabus.
Therefore, in misdemeanor cases, the trial court has the authority to find a defendant not guilty upon the prosecution's presentation of facts and has an obligation to do so unless the prosecution sets forth the facts supporting the elements of an offense to which a no contest plea has been made. State v. Gilbo (1994), 96 Ohio App.3d 332, 337; Lakewood v. Acord (Feb. 22, 1996), Cuyahoga App. No. 68566, unreported at 7; State v. Ritch (May 11, 1998), Scioto App. No. 97-CA-249, unreported.
This Court gave elaboration to these analyses in Chagrin Fallsv. Katelanos (1988), 54 Ohio App.3d 157, 159:
 Before relying upon a no contest plea to convict a defendant for any misdemeanor, the court must comply with R.C. 2937.07. See Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 9 OBR 438, 459 N.E.2d 532, syllabus. Pursuant to that statute, the court "shall call for explanation of circumstances of the offense from the affiant or complainant or his representatives" together with "any statement of [the] accused." The court must then "make [a] finding of guilty or not guilty from the explanation of [the] circumstances."
 The record must show that the required explanation included a statement of facts which supports all the essential elements of the offense. Cuyahoga Falls v. Bowers, supra, at 150, 9 OBR at 440, 459 N.E.2d at 535. The mere fact that the court's record includes documents which could show the defendant's guilt will not suffice. If the prosecution relies on such documents, the record must show that the court considered them. Id. at 151, 9 OBR at 440-441, 459 N.E.2d at 535.
 In this case, the transcript fails to demonstrate that the court called for the required explanation of circumstances, or considered such information before convicting the defendant. Hence, the conviction cannot stand. See, also, City of Garfield Hts. v. Huber (Sept. 22, 1994), Cuyahoga App. No. 65916, unreported.
 We sustain the defendant's assignments of error and reverse his conviction. Since the improper conviction resulted from a defective plea, the defendant has not performed his part of the apparent plea bargain. Hence, we must vacate the court's action and reinstate all the original charges. Cf. Ricketts v. Adamson (1987), 483 U.S. 1, 9-10 (breach of plea agreement by a defendant restores the parties to their original positions). With that action, we remand the case for further proceedings.
See, also, State v. McGlothin (Feb. 10, 1993), Montgomery App. No. 13460, unreported, for an additional analysis of R.C.2937.07.
As the defendant correctly points out, neither the record nor the specific plea hearing transcript contain a statement of the facts which would support all the essential elements of the amended offense with which the defendant was charged and to which she pled no contest. In addition, the trial court did not call for an "explanation of circumstances" as required by R.C. 2937.07
and accordingly, the conviction cannot stand on the plea entered.
The defendant calls our attention to our decision in City ofLyndhurst v. Masseria (Oct. 23, 1997), Cuyahoga App. Nos. 71655 and 71656, unreported, where this Court addressed the possibility of mootness of the appeal because defendant has paid her fines or served her sentence:
 When a defendant convicted of a misdemeanor voluntarily pays the fine and serves the sentence imposed, an appeal is moot, unless there is some evidence from which an inference can be drawn that the defendant will suffer a collateral disability or loss of civil rights. State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236; State v. Berndt
(1987), 29 Ohio St.3d 3, 504 N.E.2d 712. The defendant must have a substantial stake in the judgment of conviction that survives the satisfaction of the judgment, or the appeal is moot. Id.
Id. at 3.
In State v. Roth (June 26, 1998), Trumbull App. No. 97-T-0134, unreported, the court held at pp. 1 and 2:
 The appeal is not moot in the sense that doctrine is applied in State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236, and its progeny because Roth has suffered a collateral disability. Under R.C. 4507.021(G)(12) through (15), the Bureau of Motor Vehicles must assess points against Roth's driver's license as a result of his conviction. Therefore, the appeal presents a live issue which must be addressed, even though Roth has paid the fine. State v. Simmons (Dec. 26, 1989), Pickaway App. No. 88CA8, unreported, 1989 WL 159030.
See, further, State v. Simmons, supra, where the court held at pp. 1 and 2:
 The state cites State v. Wilson (1975), 41 Ohio St.2d 236, in support of its argument that this appeal should be dismissed for mootness since Simmons has already paid the fines and costs imposed by the lower court. An appeal is not moot if the appellant would suffer a collateral disability as a result of the conviction. Wilson, supra. We note that Simmons would be subject to additional points on his driving record because of this conviction. Therefore, this appeal is not moot.
In the case at bar, the Ohio Bureau of Motor Vehicles, pursuant to R.C. 4507.021(G), has assessed points against defendant's driver's license as a result of her conviction. It stands to reason that if defendant's plea and conviction cannot stand, the points assessed pursuant thereto must also be vacated.
Defendant's Assignments of Error I and II are sustained.
Judgment reversed, no contest plea and points assessed by the Ohio Bureau of Motor Vehicles are vacated; the original charges are reinstated and the case is remanded to the trial court for further proceedings.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and
 ANNE L. KILBANE, J., CONCUR.
JAMES M. PORTER ADMINISTRATIVE JUDGE