OPINION
Defendant-appellant, Michael D. Spence, appeals his conviction on a misdemeanor charge of leaving the scene of an accident in violation of R.C. 4549.02.
Appearing at his arraignment without counsel, appellant pleaded no contest to, and was found guilty of, leaving the scene of an accident. He was sentenced to 180 days in jail, fined $500 in costs, had his driving privileges suspended for two years, was ordered to install an ignition interlock device on his vehicle, and was placed on probation for three years.[1]
According to the explanation of circumstances provided after appellant entered his plea, appellant, in the company of three companions, was driving a friend's vehicle when he lost control during inclement weather and struck a utility pole at approximately 2:00 a.m. on December 12, 2001. Appellant and the others left the vehicle at the scene and walked to the nearby house of the owner of the vehicle. Within the hour, appellant was arrested by a police officer who responded to the scene of the accident and eventually came to the residence after tracing the address of the owner of the vehicle.
In two assignments of error, appellant claims he was charged under the incorrect section of the Ohio Revised Code and that the evidence was insufficient to sustain a finding of guilty.
Appellant was charged under R.C. 4549.02 which provides in part for the following:
 "In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle * * * shall remain at the scene of such accident or collision until he has given his name and address * * * to any person injured in such accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in such accident or collision, or to any police officer at the scene of such accident or collision."
R.C. 4549.03 provides that:
 "The driver of any vehicle involved in an accident resulting in damage to real property, or personal property attached to such real property, legally upon or adjacent to a public road or highway shall immediately stop and take reasonable steps to locate and notify the owner or person in charge of such property or such fact * * *.
 "If the owner or person in charge of such property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to such property shall, within twenty-four hours after such accident, forward to the police department * * * the location of the accident and the description of the damage insofar as it is known."
It is well-established that when a defendant enters a plea of no contest, thereby admitting the truth of the matters alleged in the complaint, he waives certain constitutional rights, including the right to have the prosecution prove its case beyond a reasonable doubt. Statev. Hoskins (June 14, 1999), Butler App. No. CA98-07-143. However, before relying upon a no contest plea to convict a defendant for a misdemeanor offense, the court must comply with R.C. 2937.07, which requires an explanation of circumstances. Id. A no contest plea cannot be the basis for a finding of guilty without an explanation of circumstances. Id., citing Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150. A trial court is therefore required to receive an explanation of circumstances so that it may properly determine from an evaluation of the facts provided whether the defendant's conduct amounts to a violation of the offense as charged in the complaint. Id. See, also, Fairfield v. Hurston (May 24, 1999), Butler App. Nos. CA98-09-184, CA98-09-193.
If the explanation of circumstances does not support all the elements of the offense, then the defendant who pleads no contest has a substantive right to be acquitted. Id. See, also, Bowers at 150;Springdale v. Hubbard (1977), 52 Ohio App.2d 255, 259-60.
In the case at bar, the explanation of circumstances is insufficient to warrant a guilty finding under R.C. 4549.02. By its very terms, R.C.4549.02 provides that any accident subject to the section involves a collision with either a pedestrian or another motor vehicle. Here, there was no accident or collision involving a pedestrian or another vehicle. No person was injured nor any other motor vehicle damaged as a result of the accident.
The facts of this case are more compatible with R.C. 4549.03 as they involve a collision with property located adjacent to a highway. Given that R.C. 4549.03 applies, it is highly unlikely that appellant could have readily determined the owner of the utility pole at 2:00 a.m., or that he had an adequate opportunity to identify the owner of the utility pole before being arrested. Furthermore, appellant was still well within the 24-hour period for reporting such an accident when he was arrested.
Upon a review of the record, we find that the explanation of circumstances does not warrant a finding of guilty under R.C. 4549.02. Accordingly, the evidence does not support the conviction and both assignments of error are well-taken and sustained. Appellant's conviction for leaving the scene of an accident is reversed and vacated. Appellant is ordered discharged.
WALSH, P.J., and POWELL, J., concur.
[1] Appellant also pleaded guilty to a charge of failing to maintain control of a motor vehicle under R.C. 4511.202 which he does not challenge on appeal.