[Cite as *State v. Kennedy*, 2019-Ohio-34.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| THOMAS KENNEDY | : | Case No. 18 CAC 05 0036 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware Municipal
                                                             Court, Case No. 17 TRC 012155

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                     January 8, 2019

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

CHRISTOPHER E. BALLARD             MICHAEL A. MARROCCO
Assistant City Prosecutor                   98 North Union Street
70 North Union Street                         Delaware, Ohio 43015
Delaware, Ohio 43015

*Baldwin, J.*

{¶1} Appellant, Thomas Kennedy, appeals the decision of the Delaware Municipal Court finding him guilty of a violation of R.C. 4511.19(A)(1)(a) after he entered a plea of no contest. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2} Appellant was charged with a violation of R.C. 4511.19(A)(1)(a), OVI, and R.C. 4511.202, Failure to Maintain Reasonable Control, and initially entered a plea of not guilty and filed a motion to suppress evidence derived from his seizure and detention. The motion was denied and appellant changed his plea to no contest. Appellant's plea was accepted and he was found guilty of OVI. Appellant appeals his conviction arguing that the explanation of circumstances offered in support of the charge was insufficient to establish all elements of the offense and that the complaint should be dismissed as jeopardy has attached.

{¶3} Deputy Andrew Lee of the Delaware County Sheriff's Office was dispatched to a parking lot on Powell Road in Delaware County where appellant had allegedly struck a concrete median. When he arrived at the scene, the person who claimed to have witnessed appellant's collision with the median led Deputy Lee to appellant. Deputy Lee approached appellant, introduced himself and explained why he was present. Appellant dropped a protein bar and Deputy Lee noted that he had difficulty picking it up. Deputy Lee noticed that appellant's eyes were very droopy, his voice was low and raspy, and he was sluggish. Appellant exhibited body and eyelid tremors and a poor gait.

{¶4} Deputy Lee suspected that appellant was under the influence of alcohol or drugs, so he asked him to step outside so he could administer field sobriety tests. He

asked appellant if he had taken any medication and appellant admitted taking Suboxone for pain medication addiction. He denied any medical problems, but contended he had a balance problem. The vertical gaze nystagmus test did not provide any clues to intoxication, but horizontal gaze nystagmus, lack of convergence, walk and turn, and one leg stand tests all were positive for clues indicating appellant was under the influence of some substance. The deputy administered a Modified Romberg test to gauge appellant's reaction time because he feared that appellant was under the influence of drugs. The deputy noted appellant's reaction time was slow. He asked appellant to recite the alphabet from "d" to "w" but he could not do so. Appellant was able to count backward from 62 to 47 without difficulty.

{¶5} Appellant's collision with the concrete median, his behavior and performance during the field sobriety test led the deputy to conclude that probable cause existed to arrest appellant for a violation of R.C. 4511.19(A)(1)(a).

{¶6} Appellant filed a motion to suppress the evidence that was developed through his contact with Deputy Lee. The motion was heard on November 1, 2017 and the appellant limited his argument to asserting that Deputy Lee lacked (1) any reason to approach him and (2) any reasonable suspicion to ask him to perform field-sobriety tests. Appellant conceded that the field sobriety tests were properly administered and that the Deputy had probable cause to arrest appellant. The trial court issued an entry denying the motion with a thorough review of the facts.

{¶7} The trial court found that Deputy Lee's initial contact with appellant was consensual and that he was acting in his community caretaking role in speaking with appellant to the extent that the appellant's Fourth Amendment rights were involved. The

trial court also concluded the Deputy had reasonable suspicion of a violation of R.C. 4511.19(A)(1)(a) sufficient to support the performance of field sobriety tests. The trial court denied the appellant's motion to suppress evidence and, on the date of trial, appellant changed his plea to no contest to the OVI charge. The failure to control citation was dismissed.

{¶8} After appellant confirmed his plea of no contest, the prosecutor offered the following:

Thank you, Your Honor. On April 20th of 2017, Deputy Lee responded to the report of a reckless driver complaint involving a Mercedes that had ran over a curb. Upon arrival to this address in Powell, Delaware County, Ohio, he found the Defendant ultimately after someone pointed him out and he noticed immediately that the Defendant was unsteady on his feet, he had glassy eyes, immense body tremors and eye lid tremors. While speaking to him, Deputy Lee noted that he did not smell the odor of alcoholic beverage. He noted — he asked the Defendant to perform field sobriety tests including the HGN where two out of six clues were observed, the walk and turn, also lack of convergence and modified Romberg. He ultimately placed him under arrest for this OVI. He did lo-cate(sic) a green pill with a half Alprazolam in it. He did submit to a, urn...

Mr. Marrocco: Urine.

Prosecutor: A urine sample, correct?

Mr. Marrocco: Yes.

Prosecutor: Sorry. And there was no detectable over the limit amount; however, there were, Alprazolam was present, alpha hydroxyl present, and Buprenorphine. The State did enlist the help of the DRE in the prosecution of this matter.

(Transcript, Change of Plea and Sentencing, p. 8, lines 2-25; p. 9, lines 1-2).

**{¶9}** The trial court found the appellant guilty and imposed a sentence. The trial court later commented that she "remembered the suppression hearing" specifically in reference to her perception of appellant's mental state. The appellant filed a timely appeal on March 21, 2018 and submitted one assignment of error:

**{¶10}** "I. THE TRIAL COURT ERRED IN FINDING SUFFICIENT EVIDENCE TO CONVICT APPELLANT ON HIS NO-CONTEST PLEA."

**{¶11}** In R.C. 2937.07 the meaning and legal import of a "no contest" plea is established:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

*** 

If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding.

**{¶12}** Appellant contends that the explanation of circumstances provided by the state at the sentencing hearing was insufficient as it allegedly failed to provide facts in support of all elements of the offense of a violation of R.C. 4511.19(A)(1)(a). Appellee contends that the explanation was sufficient and that the trial court's findings in the suppression hearing provided an explanation of circumstances sufficient to satisfy the statute, citing our decision in *State v. Wendell*, 5th Dist. Stark No. CA-8179, 1991 WL 6288.

**{¶13}** The seminal pronouncement of the Ohio Supreme Court on the impact of R.C. 2937.07 is *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 459 N.E.2d 532 (1984). The court concluded that this statute establishes a substantive right and held: "Therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Bowers,* at 535.

**{¶14}** In *Bowers* the trial court considered a computer print-out of *Bowers'* driving record before issuing a finding of guilty of violating local ordinances prohibiting operation of a vehicle under the influence of alcohol or a drug of abuse and failure to control. Mr. Bowers appeared before the trial court only hours after his arrest, without counsel and entered a no contest plea. There was no record demonstration that other evidence in the file was submitted to the trial court. Because of this silent record the court reversed and remanded. Justice Holmes dissented, in effect applying the presumption of regularity and assuming that the trial court did read the numerous exhibits in the file.

**{¶15}** When faced with this issue previously, this court noted that:

> The statute does not prescribe a time or sequence within which the 'explanation of circumstances' must take place. It is clear here that the trial

judge and the defendant both had heard 'explanation of circumstances' as to some of the charges at the time of the lengthy suppression hearing. We will not assume that either forgot them at the time of the judgment on suppression or at the time of accepting the plea, ***. It is in this regard that we distinguish the holding in *Bowers*, supra.

*State v. Wendell* (Jan. 14, 1991), Stark App. No. CA–8179, 1991 WL 6288, as cited in *State v. Nichols*, 5th Dist. Coshocton No. 01CA016, 2002-Ohio-4048, ¶ 35.

**{¶16}** As we noted in *Nichols, supra* "The "evil" the Ohio Supreme Court proscribed in *Cuyahoga Falls v. Bowers* was a trial court making a finding of guilty in a "perfunctory fashion." The Supreme Court reversed Bowers' conviction when the record reflected that the trial court considered nothing but a computer printout of the defendant's driving record to convict the defendant of DUI. *Nichols*, at ¶ 15. The state has the burden to insure that the record contains an explanation of facts that, if the court were to accept them as true, would permit the court to enter a guilty plea. *State v. Osterfeld*, 2nd Dist. Montgomery No. 20677, 2005-Ohio-3180, ¶ 6; *State v. Jenkins*, 3rd Dist. Hancock No. 5-15-21, 2016-Ohio-1428, ¶ 7; *State v. Murphy*, 116 Ohio App.3d 41, 45, 686 N.E.2d 553, 555–56 (9th Dist.1996). We have found that the explanation may be provided by a suppression hearing or an ALS appeal hearing. *Wendell, supra; Nichols, supra at* ¶36. The focus of our analysis is whether, when the record is reviewed in toto, we can conclude that the trial court's finding was not a perfunctory finding of guilty and that the trial court considered a sufficient set of circumstances to support appellant's conviction. *Nichols, supra.* In the case at bar, the explanation of fact provided by the assistant prosecutor at the sentencing hearing and the information contained within the record as a result of the

suppression hearing lead us to conclude that the record contains a sufficient explanation of facts to support the finding of guilt and that, therefor, the trial court's action cannot be described as a perfunctory finding of guilt.

**{¶17}** Appellant does not mention our decisions in *Wendell* and *Nichols*, presumably concluding they are inapplicable. Instead appellant relies upon cases which make clear that R.C. 2907.37 requires that the record contains an explanation of circumstances sufficient to support a conviction. The cases cited by appellant, save one, do not involve cases in which an evidentiary hearing such as a motion to suppress are part of the record. The sole exception is *City of Columbus v. Gullett,* 10th Dist. Franklin No. 90AP-2, 1990 WL 98391, *3 in which the trial court relied upon the evidence provided at a suppression hearing as part of its explanation of circumstances sufficient to find defendant guilty.

*{¶18}* None of the precedent cited by appellant stands for the proposition the trial court is prohibited from relying upon findings it made at an evidentiary hearing and our holdings in *Wendell, supra* and *Nichols, supra* support the contrary position. The findings from that hearing, being part of the record, may be relied upon to find a defendant guilty after entering a no contest plea. Such a process avoids a perfunctory finding of guilt, the evil that the Supreme Court prohibited in *Bowers, supra.*

**{¶19}** In the case at bar, the record contains clear evidence that appellant was driving on the day of the offense. An eyewitness identified him to Deputy Lee as the driver of vehicle that struck a concrete structure in the parking lot. Appellant's speech, movements and condition reflected indicia of intoxication and he performed poorly on his field sobriety tests. He admitted to using the drug Suboxone.   Alprazolam and

Buprenorphine were detected in his urine. The facts provided at the suppression hearing in combination with the facts provided by the prosecutor at the sentencing hearing are sufficient to support a finding of guilt under the circumstances. The trial court did not arrive at this finding perfunctorily. Consequently, the requirements of R.C. 2937.07 were met, and the trial court did not err in finding appellant guilty following his no-contest plea. *State v. Kiefer*, 1st Dist. Hamilton No. C-030205, 2004-Ohio-5054.

{¶20} Appellant's assignment of error is overruled and the decision of the Delaware Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.