[Cite as *State v. Singleton*, 2019-Ohio-3452.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2018-0079 |
| WILLIAM SINGLETON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the County Court,
                                                              Case No.  CRB 1800735


JUDGMENT:                                        Affirmed


DATE OF JUDGMENT ENTRY:          August 26, 2019


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

D. MICHAEL HADDOX                      JAMES A. ANZELMO
PROSECUTING ATTORNEY            446 Howland Drive
TAYLOR P. BENNINGTON             Gahanna, Ohio  43230
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43702-0189

*Wise, John, P. J.*

{¶1} Defendant-Appellant William Singleton appeals his conviction and sentence entered by the Muskingum County Court on one count of domestic violence.

{¶2} Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} The facts and procedural history are as follows.

{¶4} On October 23, 2018, officers with the Ohio Department of Natural Resources were dispatched to Dillon State Park Campground in Muskingum County regarding a domestic violence at campsite 94 of the Dillon campground.

{¶5} The caller and victim, R.K. of Piedmont, Missouri, informed officers that her boyfriend, Appellant William Singleton, had "head-butted" her, causing her to bleed from her face. Officers observed that her nose was swollen and they observed a bloody rag that she had used to wipe her nose.

{¶6} Appellant was subsequently arrested for domestic violence.

{¶7} On October 25, 2018, Appellant was arraigned on one count Domestic Violence, a misdemeanor of the first degree, in violation of R.C. §2919.25(A).

{¶8} On the same day, Appellant entered a plea of no contest and was found guilty by the court. The court went directly to sentencing and sentenced Appellant to 120 days of jail, a $75 fine, and ordered Appellant to have no criminal or traffic convictions for 5 years.

{¶9} On November 13, 2018, Appellant filed a Motion to Stay.

{¶10} On November 19, 2018, Appellant filed a Notice of Appeal.

{¶11} On November 29, 2018, the trial court denied the Motion to Stay.

{¶12}  On December 7, 2018, a hearing was held. The trial court granted the stay of sentence pending this appeal, and Appellant was placed on monthly bond reporting.

{¶13}  On February 27, 2019, a warrant was issued for Appellant for failure to report.

{¶14}  Appellant now appeals, raising the following assignments of error for review.

## ASSIGNMENTS OF ERROR

{¶15}  "I. WILLIAM SINGLETON DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD NO CONTEST TO DOMESTIC VIOLENCE, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶16}  "II. THE TRIAL COURT ISSUED A SENTENCE IN CONTRAVENTION OF THE PRINCIPLES AND PURPOSES OF MISDEMEANOR SENTENCING, IN VIOLATION OF SINGLETON'S RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

### I.

{¶17}  In his first assignment of error, Appellant argues that his no contest plea was not made knowingly, intelligently or voluntarily. We disagree.

{¶18}   "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996);

*see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. To that end, Crim.R. 11 sets forth certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty or no contest plea.

**{¶19}** A "trial court is required to inform the defendant only of the effect of the specific plea being entered," which, in this case, is a no contest plea. *See State v. Jones,* 116 Ohio St.3d 211, 2007–Ohio–6093, 877 N.E.2d 677, at ¶ 25. "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Id.,* paragraph two of the syllabus. A trial court may advise a defendant of the language of Crim.R. 11(B) "orally or in writing." *Id.* at ¶ 51.

**{¶20}** Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B).

**{¶21}** "A plea of no contest allows the trial court to enter a finding of guilty to the charged offense following an explanation of the circumstances by the city." *Columbus v. Gullett*, 10th Dist. No. 90AP–2, 1990 WL 98391 (July 12, 1990), citing R.C. §2937.07. "Such a plea constitutes an admission of the facts alleged in the complaint." *Id.*, citing Crim.R. 11(B)(2).

**{¶22}** Being an admission of the truth of the facts on which the charges against him are based, a no contest plea forecloses a defendant's right to challenge the truth of those facts in a subsequent appeal from his resulting conviction and sentence. *State v. Bird* supra; *State v. Evans,* Montgomery App. No. 21669, 2007–Ohio–6587 at ¶ 10.

**{¶23}** An appellate court reviews de novo a trial court's finding of guilt on a no contest plea to a misdemeanor. *Id.* (stating "[o]n appeal, the focus is whether the facts recited are sufficient to support a conviction of the charged offense"); *State v. Erskine*, 2015-Ohio-710, 29 N.E.3d 272, ¶ 10. Thus, "[w]e review the explanation of circumstances to determine if there is sufficient evidence in the record to establish all of the elements of the offense." *Erskine* at ¶ 10, citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984) (stating the relevant inquiry is whether the court made the necessary explanation of circumstances to support a finding of guilty).

**{¶24}** R.C. §2937.07, the statute governing pleas of no contest in misdemeanor cases, provides, in pertinent part:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.

**{¶25}** The Supreme Court of Ohio has clarified that R.C. §2937.07 confers a substantive right, and "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls* at 150, 459 N.E.2d 532.

**{¶26}** In the case before us, Appellant argues that during his plea he disputed the facts as presented by the prosecutor and therefore his plea was not knowingly, intelligently and voluntarily made.

**{¶27}** In the instant case, the trial court read the plea form in its entirety to Appellant during which time Appellant provided verbal affirmations that he understood same. The prosecution then read a recitation of the facts into the record.  The trial court then asked Appellant if he had anything he wanted to say prior to the trial court making a finding of guilty or not guilty. Appellant stated:

DEFENDANT: That morning, she came in from work. It was during the morning when it happened. She told me to get up and get out of bed so she could lay down. I got up. I only had my one leg on so I had to hobble through the little pathway by the bathroom and the refrigerator to get in to the kitchen to get out of her way

During that time, she grabbed ahold of me to hold me to help me to get around. I don't know if I fell towards her or stumbled. I am not for sure.

COURT:  All right.

DEFENDANT:  You know, and then I went on around. And then that's when that she went on in to the bedroom and went to bed. And then later that day is when she continued with her arguing towards me instead of the morning.

**{¶28}**  Upon review of the above exchange between Appellant the trial court, we do not find that Appellant asserted his innocence or disputed the facts as presented by

the prosecutor; rather, appellant added additional facts and stated that he was not sure what happened on that day. He did not state that he did not assault the victim.

**{¶29}** Appellant's first assignment of error is overruled.

**II.**

**{¶30}** In his second assignment of error, Appellant argues the trial court erred in sentencing. We disagree.

**{¶31}** More specifically, Appellant argues that his sentence was not commensurate with his conduct. We disagree.

**{¶32}** Misdemeanor sentences are reviewed for an abuse of discretion. R.C. 2929.22; *State v. Frazier,* 158 Ohio App.3d 407, 2004–Ohio–4506, 815 N.E.2d 1155, at ¶ 15. An abuse of discretion means more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

**{¶33}** R.C. §2929.22, the misdemeanor sentencing statute, lists factors a trial court must consider in determining the appropriate sentence to impose:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others

and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factors made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

**{¶34}** R.C. §2929.22(B)(1).

**{¶35}** Appellant herein was charged with Domestic Violence, in violation of R.C. §2919.25(A), a first degree misdemeanor. A first degree misdemeanor is punishable by a sentence of up to 180 days in jail and a $1,000.00 fine. Here, the trial court imposed a sentence of 120 days in jail, a $75 fine, and five (5) years of community control. As such, the trial court's sentence was well within the statutory range and is not contrary to law.

**{¶36}** Additionally, prior to imposing sentence, the trial court considered the nature of the crime, the victim's statement, Appellant's criminal history and pending charges.

**{¶37}** Upon review, we find the sentence imposed by the trial court was supported by the record and was not an abuse of discretion.

**{¶38}**  Appellant's second assignment of error is overruled.

**{¶39}**  Accordingly, the judgment of the County Court, Muskingum County, Ohio, is affirmed.


By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.


JWW/d 0806