DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David E. Toney, Jr., appeals from his conviction in the Wayne County Municipal Court for petty theft. We affirm.
 I. {¶ 2} On November 23, 2003, Mr. Toney entered the Buehler's Food Market ("Buehler's") in Orrville, Ohio, through the rear entrance where the paint cans are displayed. Mr. Toney was empty-handed when he entered the store, but selected two cans of paint and two 24-packs of soda while in the store. After picking up these items, Mr. Toney took them to the service center within Buehler's, desiring to return the items. Mr. Toney asserted that the soda was not the kind that he wanted and that he no longer needed the paint. Mr. Toney presented a receipt that listed a previous purchase of two 24-packs of soda, but he did not possess a receipt listing cans of paint. Buehler's processed the return transaction, issuing to Mr. Toney $12.37 in cash for the two 24-packs of soda and a gift card in the amount of $48.02 for the cans of paint. Mr. Toney then purchased two packs of cigarettes at Buehler's with the gift card. Mr. Toney exited the store, but store personnel and police officers that were called to the scene stopped him and asked him to come back inside the store. Buehler's recovered the returned cash, gift card, and packs of cigarettes from Mr. Toney.
 {¶ 3} Based upon this series of events, a criminal complaint was filed against Mr. Toney on November 25, 2003. The complaint charged Mr. Toney with one count of petty theft, in violation of R.C. 2913.02(A)(1), a first degree misdemeanor. Mr. Toney pled not guilty to the charge.
 {¶ 4} Mr. Toney was appointed counsel for representation at his trial, but a request for a jury trial was not made. The matter proceeded to a bench trial, pursuant to which the court found Mr. Toney guilty as charged. Mr. Toney was sentenced accordingly. It is from his conviction for petty theft that Mr. Toney now appeals.
 {¶ 5} Mr. Toney timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"The appellant was denied the effective assistance of counsel as guaranteed by the sixth amendment of the united states constitution."
 {¶ 6} In his first assignment of error, Mr. Toney contends that he was denied effective assistance of counsel. We disagree.
 {¶ 7} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.
 {¶ 8} The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy.State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. Statev. Lott (1990), 51 Ohio St.3d 160, 174. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v.DeNardis (Dec. 29, 1993), 9th Dist. No. 2245.
 {¶ 9} This Court does not need to address these elements in any particular order; if we conclude that prejudice to the defendant did not result from defense counsel's actions or omissions, then we need not address whether counsel's actions or omissions were actually deficient. See Bradley,42 Ohio St.3d at 143.
 {¶ 10} Mr. Toney raises several arguments in support of his ineffective assistance of counsel claim. First, Mr. Toney argues that his trial counsel failed to consult with him about "basic issues" of the case. Specifically, Mr. Toney opines that trial counsel failed to advise him of his right to a jury trial, and that counsel failed to request a jury trial. Second, Mr. Toney argues that trial counsel failed to subpoena witnesses on his behalf. Third, he argues that trial counsel failed to file any pretrial motions such as a motion in limine to prevent the introduction of evidence.
 {¶ 11} With respect to Mr. Toney's argument regarding a jury trial, trial counsel's failure to request a jury trial is a strategic decision, "and will not be considered as a meritorious reason for reversal as an ineffective assistance of counsel claim." State v. Moore (Nov. 3, 1993), 5th Dist. No. CA-1008. See Toledo v. Glaser, 6th Dist. No. L-02-1362, 2004-Ohio-1652, at ¶ 25. Therefore, this argument is unavailing.
 {¶ 12} We now address Mr. Toney's argument regarding trial counsel's failure to subpoena any witnesses on his behalf. "`Decisions regarding the calling of witnesses are [also] within the purview of defense counsel's trial tactics[,]' and absent a showing of prejudice, the failure to call witnesses will not be deemed erroneous." Elyria v. Bozman, 9th Dist. No. 01CA007899, 2002-Ohio-2644, at ¶ 21, quoting State v. Coulter (1992),75 Ohio App.3d 219, 230. Mr. Toney fails to demonstrate to this Court how the result of this case would have been different if counsel had subpoenaed witnesses to testify in his behalf. Specifically, Mr. Toney has not provided the names of any witnesses or provided the potential substance of the testimony that he believes would help his case. Therefore, Mr. Toney has failed to demonstrate how his trial counsel's failure to call witnesses has resulted in prejudice. See Bozman at ¶ 21.
 {¶ 13} Finally, we address Mr. Toney's argument that trial counsel failed to file any pretrial motions such as a motion in limine to prevent the introduction of evidence. A motion in limine functions as a precautionary instruction "to avoid error, prejudice, and possibly a mistrial by prohibiting opposing counsel from raising or making reference to an evidentiary issue until the trial court is better able to rule upon its admissibility * * * once the trial has commenced." State v.Grubb (1986), 28 Ohio St.3d 199, 201. Therefore, a motion in limine, if granted, is a tentative, interlocutory ruling by the trial court that reflects the anticipatory treatment of the evidentiary issue in question. Id. at 201-02. Furthermore, finality does not attach when the motion is granted, as the motion is subject to re-evaluation during the course of the trial. Id. at 202. As such, it is trial counsel's duty to make his or her own evaluation of the case and decide which motions are worth filing. See State v. Vires (1970), 25 Ohio App.2d 70,73-74. Therefore, this Court will not second-guess trial counsel's decision regarding the filing of a motion in limine. See Bozman at ¶ 19. As such, we cannot say that counsel's failure to file a motion in limine constituted ineffective assistance of counsel.
 {¶ 14} Accordingly, Mr. Toney's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred as a matter of law in finding the defendant guilty of petty theft as such finding was against the manifest weight of the evidence."
 {¶ 15} In his second assignment of error, Mr. Toney contends that his conviction for petty theft was against the manifest weight of the evidence. We disagree.
 {¶ 16} As part of his manifest weight challenge, Mr. Toney argues that the State failed to show at trial where the events occurred, and thus failed to establish venue. While venue is not a material element of an offense, the State must nevertheless prove venue beyond a reasonable doubt. State v. Headley (1983),6 Ohio St.3d 475, 477, citing State v. Draggo (1981),65 Ohio St.2d 88, 90. Our review of the transcript of the trial proceedings indicates that venue was in fact established at trial. Specifically, the prosecution elicited testimony that established the store's location in Orrville, Ohio, in Wayne County. Additionally, the prosecution established through witness testimony that the events on November 23, 2003 involving Mr. Toney occurred at this particular Buehler's location. Thus, we conclude that venue was established beyond a reasonable doubt at trial, and that therefore, Mr. Toney's argument lacks merit.
 {¶ 17} We now address the remainder of Mr. Toney's manifest weight challenge. A manifest weight challenge questions whether the State has met its burden of persuasion. State v. Gulley
(Mar. 15, 2000), 9th Dist. No. 19600, citing State v. Thompkins
(1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 18} In the instant case, Mr. Toney was convicted of petty theft, in violation of R.C. 2913.02(A)(1), which provides, "No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent[.]" Mr. Toney argues that the State did not set forth any evidence at trial that established that Buehler's was deprived of the merchandise. However, R.C. 2913.02(A)(1) does not require the prosecution to establish that the owner was in fact deprived of the merchandise. Rather, that statute section requires only that the perpetrator obtain or exert control over the property. See R.C. 2913.02(A). The term "obtain" means simply "`to get, to secure possession of.'" State v. Lawson (July 27, 1987), 12th Dist. No. CA86-11-070, quoting State v. Healy
(1951), 156 Ohio St. 229, 239.
 {¶ 19} A Buehler's loss-prevention employee, Dan Clevidence ("Clevidence"), testified as to his observations of Mr. Toney during this series of events. Clevidence testified that he tracked Mr. Toney's activities at Buehler's on November 23, 2003 through the Buehler's store video camera. He testified about the incident as follows: Mr. Toney and another individual entered the store together, empty-handed. Mr. Toney picked up a cart, and he and his companion proceeded to the hardware section of the store. They picked up two cans of paint there and placed them in the cart. Then, Mr. Toney pushed the cart into the soda aisle, picked up two 24-packs of soda, and placed them in the cart as well. After a walk through the dairy and meat sections of the store, Mr. Toney proceeded directly to the service center.
 {¶ 20} Clevidence testified that he then called in the Beuhler's store manager, Barry Welch ("Welch"), and the two observed Mr. Toney return the merchandise. The photographs taken of this series of events, as well as the videotape recording that was played at trial, corroborate Clevidence's testimony. Clevidence then testified that Buehler's personnel had contacted security officers to the scene, but that Welch and police officers had already approached Mr. Toney and brought him back into the store. Clevidence testified that they recovered from Mr. Toney the cash given to him for the soda, the gift card, and the two packs of cigarettes purchased; they also retained the two packs of soda and two cans of paint. The receipt Mr. Toney used to obtain cash for the sodas, retained by the store personnel and admitted into evidence at trial, is dated November 9, 2003.
 {¶ 21} A service center employee, Patricia Birkbeck ("Birkbeck"), testified that she was working at the service center on November 23, 2003. Birkbeck testified that Mr. Toney and an individual accompanying him approached the service desk with a cart holding two 24-packs of soda and paint. She further testified that she performed that return transaction.
 {¶ 22} Welch testified that Buehler's security had been watching Mr. Toney for some time due to prior suspicious incidents in which Mr. Toney returned items without receipts. He testified that during his shift on November 23, 2003, he was called up to the loss prevention office to observe Mr. Toney's return transaction.
 {¶ 23} Mr. Toney also testified at trial. He testified that he had purchased paint at Buehler's on a prior occasion but had not taken that paint home with him. Mr. Toney testified that a few days later, he contacted the store about the paint, and that they told him to come back to the store and pick up another set of paint cans and that the store would take care of the matter. Also, Mr. Toney testified that he had purchased two 24-packs of soda on or about November 9, 2003, and that he returned these packs of soda on November 19, 2003.
 {¶ 24} After a careful review of the record, this Court cannot conclude that the trial court lost its way and created a manifest miscarriage of justice when it convicted Mr. Toney of petty theft. See Otten, 33 Ohio App.3d at 340. The court had the opportunity to view the witnesses' testimony and adjudge their credibility with respect to this series of events. Therefore, we must give deference to the trier of fact's judgment, as matters of credibility are primarily for the trier of fact. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 25} Accordingly, Mr. Toney's second assignment of error is overruled.
 III. {¶ 26} Mr. Toney's first and second assignments of error are overruled. Mr. Toney's conviction in the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Boyle, J., Concur.