JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Marilyn Burge ("defendant") challenges her conviction for assault as being against the manifest weight of the evidence. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On February 26, 2003, there was an altercation involving defendant and the victim. The victim testified that defendant, defendant's daughter, and some other women "jumped her at [her] job, during [her] lunch hour." (Tr. 9). The victim said she did not know defendant prior to the incident. The victim, however, recognized defendant's daughter as her boyfriend's ex-girlfriend.
 {¶ 3} An eyewitness testified for the City and said he saw defendant and her daughter hitting the victim. This witness admitted that he is currently on the victim's caseload but was not at the time of the incident.[1]
 {¶ 4} Defendant and her niece testified that they went to the victim's job to complain about the victim placing harassing calls to defendant. They claim defendant's daughter was not with them.
 {¶ 5} Defendant testified that she recognized the victim because she had seen her on prior occasions. Defendant allegedly said, "I'm going to talk to your supervisor," to which the victim allegedly responded by saying, "No, bitch" and hit defendant. Security guards eventually separated the women. Police arrived and defendant gave a statement and was released. Both parties filed complaints against each other.
 {¶ 6} The court found defendant guilty and imposed the following sentence: "a fine of $1,000, court costs and 180 days in jail. * * * As I stand, we can cut out the whole fine, place you on probation for nine months, on condition you complete Anger Management, make $300 in restitution through the Probation Department." The court then suspended all but three days of jail time. The court denied defendant's motion to stay her sentence pending appeal. Defendant assigns one error for our review, which states:
 {¶ 7} "I. The court's decision finding the defendant guilty of assault was against the manifest weight of the evidence."
 {¶ 8} Because this appeal involves a misdemeanor, we first address its potential mootness. It is well settled that when a defendant, who has been convicted of a misdemeanor offense, voluntarily pays his/her fine or completes his/her sentence for that offense, "an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975),41 Ohio St.2d 236; see, also, State v. Golston (1994), 71 Ohio St.3d 224. The record is unclear as to whether defendant has completed all aspects of her sentence and the City has not addressed this issue. In any case, we find that defendant did not voluntarily complete the sentence since she moved to stay it. Ibid. Therefore, we proceed to address this appeal on the merits.
 {¶ 9} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 10} Here, defendant's convictions were not against the manifest weight of the evidence. While defendant and her niece claimed that the alleged victim threw the first punch, the victim and an eyewitness said she did not. This is a conflict in the evidence that the court resolved against defendant. Specifically, the trial court stated "[a]fter having reviewed all the evidence involved, the testimony, and based on the credibility of the witnesses and all their testimony, there will be a finding that, happened in accordance of the matter [sic] the city prescribed, Ms. Burge came over there and threw the first punch." (Tr. 91). The trial court's judgment is supported by evidence in the record. We do not find the court "clearly lost its way" such that a "manifest miscarriage of justice" occurred. Therefore, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Rocco, J., concur.
[1] The victim testified that she works for the Cuyahoga Department of Family Services, assisting families on welfare.