JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Natasha Townsend ("defendant"), appeals from the judgment entered pursuant to a bench trial finding her guilty of criminal damaging. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On the evening of February 14, 2005, defendant arrived at the home of Cheryl Scullark ("Scullark"). Scullark was inside her home with Anthony Thornton ("Thornton"), a married man who was romantically involved with both women. Defendant stood outside the house and began yelling and screaming.
 {¶ 3} The parties dispute the following facts. Scullark and Thornton contend that defendant was banging on the side door with a heavy object and screaming for the both of them to come outside. Defendant concedes that she went to Townsend's home but contends that she merely stood outside and yelled at the two of them. Defendant claims that she went to Scullark's house because Scullark was calling her house and hanging up. Scullark denies this allegation and claims that she had no idea who defendant was prior to that evening.
 {¶ 4} Shortly thereafter, Scullark called the police. Defendant was gone by the time the police arrived. Several days later, Scullark took photographs of the damage done to her door and filed a complaint against the defendant.
 {¶ 5} On March 15, 2005, defendant was charged with one count of criminal damaging, a misdemeanor, in violation of C.C.O. 623.02. Crim.R. 2(D) defines a "petty offense" as a "misdemeanor other than a serious offense." As such, criminal damaging is a petty offense as defined by Crim.R. 2(D). Pursuant to Crim.R. 23(A), a defendant in a petty offense case waives his right to a jury unless the defendant has filed a demand for a jury trial. State v. Pflanz (1999), 135 Ohio App.3d 338, 339. Here, no demand for a jury trial was filed by the defendant or her attorney. Accordingly, the case proceeded to a bench trial on July 14, 2005 and defendant was found guilty.
 {¶ 6} On July 27, 2005, defendant filed a motion for a new trial alleging ineffective assistance of counsel. In the affidavit attached to the motion, defendant claimed that she had never been in trouble with the law before, did not know she was entitled to a jury trial, and that her trial counsel waived her right to a jury trial without her knowledge or permission.
 {¶ 7} On August 4, 2005, a hearing was held on defendant's motion. At the hearing, the trial judge noted defendant's extensive criminal record, thus finding that defendant had lied in her affidavit. Accordingly, the judge found that defendant's credibility "flew out the window"[1] and denied her motion.
 {¶ 8} Defendant now appeals and raises the following three assignments of error for our review.
 {¶ 9} "I. The trial court abused its discretion in denying the motion for new trial."
 {¶ 10} Because this appeal involves a misdemeanor, we first address its potential mootness. It is well settled that when a defendant, who has been convicted of a misdemeanor offense, voluntarily completes her sentence for that offense, "an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975), 41 Ohio St.2d 236. Here, defendant did complete all aspects of her sentence. However, we find that defendant did not voluntarily complete the sentence since she moved to stay it. See City of Cleveland v. Burge, Cuyahoga App. No. 83713, 2004-Ohio-5210 (where the trial court denied defendant's motion to stay pending appeal, the sentence was not voluntarily served.) Therefore, we proceed to address this appeal on the merits.
 {¶ 11} In her first assignment of error, defendant argues that the trial court erred in denying her motion for a new trial because she received ineffective assistance of counsel. Specifically, defendant argues that she was prejudiced when her trial counsel failed to request a jury trial.
 {¶ 12} To obtain a new trial on the grounds of ineffective assistance of counsel, this Court must find that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 13} Crim.R. 23 provides in pertinent part:
 {¶ 14} "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 15} Here, no jury demand was filed. Generally, trial counsel's failure to request a jury trial is a strategic decision, "and will not be considered as a meritorious reason for reversal as an ineffective assistance of counsel claim." State v. Woods (Mar. 5, 1997), Medina App. No. 2589-MA; State v. Moore (Nov. 3, 1993), Ashland App. No. 1008;State v. Toney, Wayne App. No. 1008; 2004-Ohio-4877.
 {¶ 16} Moreover, defendant has not demonstrated how the decision to have a bench trial resulted in prejudice to her. Defendant failed to present any evidence that the bench trial resulted in an unreliable result. Strickland, supra at 687. Defendant does not show, and we cannot say, that had her case been tried to a jury, the result would have been different. At trial, Scullark and Townsend testified that defendant appeared at Scullark's house and began beating on the side door with a heavy object. Scullark presented photographs of the damage done to her door. Defendant admitted to arriving at Scullark's house and screaming and yelling at her and Townsend.
 {¶ 17} Finally, the trial court held a hearing, gave due consideration to defendant's motion for new trial, and determined that her claims of misconduct by her original attorney could not be credited. Specifically, the trial court noted the inaccuracy and unreliability of defendant's affidavit attached to the motion. In that affidavit, defendant stated that "I assumed I was having a jury trial. I've never been in trouble with the law, but I wanted a jury trial." The trial judge noted defendant's numerous prior offenses and found that, based on this information, defendant was familiar with courtroom procedure. The trial judge found that defendant's credibility "[went] out the window"[2]
and denied her motion.
 {¶ 18} Based on the foregoing, we find that the trial court did not abuse its discretion in denying defendant's motion for a new trial.
 {¶ 19} Assignment of Error I is overruled.
 {¶ 20} "II. The appellant's conviction is not supported by sufficient evidence."
 {¶ 21} In her second assignment of error, defendant argues that the City failed to present sufficient evidence to support her conviction for criminal damaging.
 {¶ 22} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the City. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 23} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the City, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 24} Here, defendant was charged with criminal damaging, which is defined by C.C.O. 623.02 and provides, in pertinent part that, "no person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent * * * knowingly, by any means * * * or recklessly, by means of * * * [any] inherently dangerous agency or substance."
 {¶ 25} When viewed in the light most favorable to the City, the record contains sufficient evidence that defendant was guilty of criminal damaging and the trial court properly denied her motion for acquittal.
 {¶ 26} At trial, the following testimony was heard: Scullark received a telephone call from an unfamiliar woman demanding to speak to Thornton. Immediately after the phone call, Scullark heard a loud banging that "shook the house" at her side door. Scullark looked outside and saw the defendant slamming an object into her side door, screaming for her and Thornton to come outside. Next, Thornton testified that he was having an affair with the defendant and that she appeared at Scullark's house and was banging on the side door with a heavy object, possibly a brick, and screaming for the both of them to come outside.
 {¶ 27} When this evidence is viewed in the light most favorable to the City, the court could find that defendant knowingly caused physical harm to the property of another and engaged in the act of criminal damaging as defined by C.C.O. 623.02. Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of criminal damaging proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 28} Assignment of Error II is overruled.
 {¶ 29} "III. The appellant's conviction is not supported by the manifest weight of the evidence."
 {¶ 30} In this assignment of error, defendant argues that her conviction for criminal damaging is against the manifest weight of the evidence.
 {¶ 31} While the test for sufficiency requires a determination of whether the City has met its burden of production at trial, a manifest weight challenge questions whether the City has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that her conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 32} Here, Scullark and Townsend testified that defendant appeared at Scullark's house and began beating on the side door with a heavy object. Scullark presented photographs of the damage done to her door. Defendant admitted to screaming and yelling at Scullark and Townsend but denied damaging the door. Defendant also questions why the photographs of the damage were not taken by the police. Under State v. DeHass
(1987), 10 Ohio St.2d 230, the trier of fact was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. Accordingly, whether Scullark's testimony and her photographs of the damage to her side door were credible or not was for the trier of fact to determine. Id.
 {¶ 33} We find that a rational trier of fact could believe that defendant did not use a heavy object to bang on Scullark's side door and that Scullark and Townsend were lying. However, a rational trier of fact could also reasonably find that defendant did cause damage to Scullark's door, especially in light of the fact that she admitted to appearing at Scullark's house and screaming and yelling at the side door. Accordingly, we find that the trial court did not clearly lose its way and create a manifest miscarriage of justice when it determined that defendant did knowingly cause physical harm to the property of Scullark.
 {¶ 34} Upon careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in finding defendant guilty of criminal damaging. Substantial, competent, credible evidence supports the court's verdict.
 {¶ 35} Assignment of Error III is overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] August 4, 2005. (Tr. 10).
[2] August 4, 2005. (Tr. 10).