JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Angela Krueger appeals from the judgment of the Parma Municipal Court that found her guilty of violating Broadview Heights Codified Ordinance Section 438.03, "Two Headlights Required," a misdemeanor of the first degree, as well as the court's decisions to deny her motion to dismiss and to deny her motion to quash arrest warrant. For the reasons stated below, we reverse Krueger's conviction and remand the matter to the trial court with instructions to vacate the conviction, discharge Krueger with respect to the conviction, and refund to Krueger her payment of the fines.
 {¶ 2} On April 1, 2006, Krueger was cited for the failure to have two headlights operating, in violation of Broadview Heights Codified Ordinance Section 438.03. On May 10, 2006, Krueger filed a motion to dismiss. A pretrial was scheduled for July 25, 2006. Although Krueger did initially appear for the pretrial, she left before speaking to the court bailiff or the judge. As a result, the trial judge issued an arrest warrant for her failure to appear. Krueger filed a motion to quash on August 10, 2006, and a hearing was set for October 10, 2006. On or about September 1, 2006, Krueger posted bond and the arrest warrant was recalled.
 {¶ 3} The case was called for trial on October 10, 2006. Krueger informed the court that she was waiving her right to trial, and she entered a plea of no contest to the charge. Krueger made a brief recitation of the facts as follows:
 "We were driving Southbound on 77 and were pulled over and the Officer just came and asked for information and refused to tell us why *Page 4 
we were being pulled over. Then he came and he asked for my partner to get out of the car because he said that there was a felony warrant, a person with a felony warrant associated with my vehicle and he needed to check that out and once that was all said and done there were three other cop cars that were called to the scene. He became very agitated, the officer did, and other officers began circling my car with flashlights and at that very end, he, after my, the person in my car saw an officer strike my car, all of a sudden now I have a burned out headlight so that ended up being the accusation."
 {¶ 4} The trial judge informed Krueger that by entering a plea of no contest she was admitting the facts, including that she had a burned-out headlight. Krueger responded: "I guess, yes." The court proceeded to find her guilty of the charged offense. The court imposed a fine of $150 and costs. Thereupon, Krueger moved to stay the sentence until appeal. The trial judge denied the request and questioned "what's to appeal, you just pled no contest." The judge informed Krueger that he would allow her to withdraw her plea and proceed directly to trial. Krueger declined and stated she wanted a "no contest." Krueger paid her fine that day.
 {¶ 5} Krueger filed this appeal, raising four assignments of error for our review. Initially, we must address a threshold jurisdictional issue. In State v. Wilson (1975), 41 Ohio St.2d 236, the Ohio Supreme Court held "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." See, also,In re S.J.K., 114 Ohio St.3d 23, 25, 2007-Ohio-26. Krueger does not dispute that the sentence has *Page 5 
been satisfied and that the record is void of any collateral disability. However, she claims that her sentence was not "voluntarily" satisfied because her motion to stay the sentence was denied.
 {¶ 6} This court has previously recognized that a defendant does not voluntarily complete a sentence if the defendant has unsuccessfully moved to stay it. Cleveland v. Townsend, Cuyahoga App. No. 87006,2006-Ohio-6265; Cleveland v. Burge, Cuyahoga App. No. 83713,2004-Ohio-5210. "In such a situation, the completion of the sentence would be involuntary, and the defendant would retain his or her right to appeal the underlying conviction and sentence." State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189. The city attempts to distinguish the above cases by claiming they involved bench trials rather than voluntary pleas. This argument lacks merit as we are not concerned with the nature of the plea; rather, the issue is whether the sentence was voluntarily satisfied. The city also contends that Krueger failed to request a stay after filing the notice of appeal in accordance with R.C. 2949.02. We are unpersuaded by this argument because the court had already indicated that it was denying the request to stay and specifically asked Krueger upon the imposition of the sentence if she could "pay it today." Accordingly, we shall proceed to address this appeal on the merits.
 {¶ 7} Krueger's first and second assignments of error provide the following:
 "First Assignment of Error. The municipal trial court erred to the prejudice of the defendant-appellant by accepting her plea of no contest and finding her guilty of the charges where the explanation of the *Page 6 
circumstances, as required by R.C. 2937.07, demonstrated that appellant did not have a burned-out headlight until the police officer struck the headlight with his flashlight, after stopping her based upon a false leads' report."
 "Second Assignment of Error. Defendant-appellant was denied due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when the [city] failed to present sufficient evidence to support a finding of guilt by the trial court obligating the court to make a finding of `not guilty' as required by Ohio Revised Code 2937.07; prohibiting a remand to the trial court to plead anew which would place the appellant twice in jeopardy for the same offense in violation of the Fifth Amendment to the United States Constitution."
 {¶ 8} Broadview Heights Codified Ordinance Section 438.03, "Two Headlights Required," reads in pertinent part: "every motor vehicle, other than a motorcycle, shall be equipped with at least two headlights with at least one near each side of the front of the motor vehicle." Krueger entered a plea of no contest to the charge. "A plea of no contest constitutes an admission of the facts alleged in an indictment, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge, but does not admit that those facts lead to a legal conclusion of guilt." State v. Perry,83 Ohio St.3d 41, 43, 1998-Ohio-422.
 {¶ 9} Krueger claims that the explanation of circumstances that she provided to the court did not establish all of the elements of the charged offense and demonstrated that her headlight did not become inoperable until after she had been stopped and the officer damaged it with his flashlight. Further, no explanation of circumstances was given by the city. *Page 7 
 {¶ 10} R.C. 2937.07 provides in relevant part: "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." Under R.C. 2937.07, when a court finds a defendant guilty after that defendant has entered a no contest plea, the record must provide an "explanation of circumstances" which includes a statement of the facts supporting all of the essential elements of the offense.Chagrin Falls v. Katelanos (1988), 54 Ohio App.3d 157, paragraph four of the syllabus; Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150. An explanation of circumstances is required so that the trial court does not simply make the finding of guilty in a perfunctory fashion. SeeCuyahoga Falls, 9 Ohio St.3d at 150.
 {¶ 11} In this case, Krueger chose to provide her own explanation of circumstances. Krueger stated that after she was pulled over, the officer indicated there was a felony warrant associated with her vehicle. In her earlier motion to dismiss, Krueger asserted this information was false. Krueger continued to state that other officers who had been called to the scene circled her car with flashlights. She claimed that another person in her car saw an officer strike her car and that she ended up being cited for having a burned-out headlight.
 {¶ 12} When the court proceeded to indicate that Krueger was basically admitting she had a burned-out headlight by pleading no contest, Krueger's response was "I guess, yes." However, Krueger did not at any point in her *Page 8 
explanation of circumstances state that she had been operating a car that had a burned-out headlight. Rather, her explanation infers that it was not until the officers circled her vehicle, and allegedly struck the vehicle, that she ended up being charged with having a burned-out headlight. Further, the city did not offer any explanation of circumstances of its own to establish the essential elements of the offense.
 {¶ 13} Upon the record before us, we do not find that the explanation of circumstances included a statement of the facts supporting all of the essential elements of the offense. We reiterate that "the trial court must have enough information to support all the essential elements of the offense in order to enter a guilty verdict upon those circumstances." State v. Schroyer, Montgomery App. No. 21659,2007-Ohio-4573. In this case, there was not enough information before the court to support a finding of guilty.
 {¶ 14} Krueger's first and second assignments of error are sustained.
 {¶ 15} Krueger's third and fourth assignments of error provide as follows:
 "Third Assignment of Error. Defendant-appellant was denied due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, where she was convicted of contempt of court without notice of the charge being made in writing and filed with the clerk of court, or an entry being made upon the journal, and/or the opportunity to be heard pursuant to Section 2705.02 of the Ohio Revised Code."
 "Fourth Assignment of Error. The Parma Municipal Court by and through the city prosecutor and the court bailiff vindictively prosecuted *Page 9 
defendant-appellant for contempt resulting in an arrest warrant and suspension of her driver's license by making an intentional false statement that appellant had failed to appear when in fact appellant had met with the city prosecutor and had obtained partial discovery that same day requiring the court to vacate the summary conviction, void the arrest warrant, and reinstate appellant's driver's license at the court's cost."
 {¶ 16} A review of the record in this case reflects that an arrest warrant was issued as a result of Krueger's failure to appear for the pretrial on July 25, 2006. The prosecution concedes that Krueger did initially appear for the pretrial. However, she left before speaking to the court bailiff or the judge, and an arrest warrant was issued. Thereafter, Krueger posted bond and the warrant was recalled. Ultimately, the court indicated that the warrant was withdrawn and the court permitted Krueger to apply the bond to the case. No contempt charges were ever pursued against Krueger. We find that any issues with respect to the warrant and bond are moot. Krueger's third and fourth assignments of error are overruled.
 {¶ 17} Judgment reversed and case remanded. The trial court is ordered to vacate Krueger's conviction, discharge her with respect to the conviction, and return Krueger's payment of the fine imposed for the conviction.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR. *Page 1