DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from the Sylvania Municipal Court. Appellant pled no contest to reckless operation, a second degree misdemeanor and a violation of R.C. 2937.07. For the following reasons, we reverse appellant's conviction.
 {¶ 2} On March 14, 2004, an officer of the Ohio State Highway Patrol stopped and cited appellant for a violation of R.C. 4511.33, failure to observe marked lanes. During that stop, the officer arrested appellant for a violation of R.C. 4511.19, operating a motor vehicle while under the influence of alcohol.
 {¶ 3} Appellant initially entered a plea of not guilty and filed a motion to dismiss and a motion to suppress evidence of the stop. The trial court denied both motions. After some negotiations, appellee amended the charge to a violation of R.C. 4511.20, reckless operation of a motor vehicle, and recommended a sentence of $150 in fines, costs, and a three day alcohol abuse program in lieu of incarceration. In response to the amended charge and recommended sentence, appellant entered a plea of no contest. After briefly verifying details of the recommended sentence, the court accepted the recommendation to amend the charges. In the very next instant, the court pronounced appellant guilty of the offense and sentenced him accordingly.
 {¶ 4} From this judgment of conviction, appellant asserts a single assignment of error:
 {¶ 5} "Whether the trial court erred in finding Appellant guilty upon his `no contest' plea to a misdemeanor when the State of Ohio failed to set forth any statement of facts or an explanation as to how Appellant violated R.C. 4511.20."
 {¶ 6} R.C. 2937.07 states in relevant part, "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding." R.C. 2937.07 (emphasis added).
 {¶ 7} A trial court's failure to observe the statutory requirements upon a criminal defendant's plea of no contest will be reversible error. "A no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 150. R.C. 2937.07 confers a substantive right, id.; therefore, an explanation of circumstances is mandatory. The trial court must have enough information to support all the essential elements of the offense in order to enter a guilty verdict upon those circumstances.State v. Parsons (Mar. 17, 2000), 6th Dist. No. WD-99-022. A trial court may not summarily pronounce a defendant's guilt without facts on the record sufficient to support that verdict. Recently, this court affirmed the mandatory nature of this rule. "Failure to present an explanation of circumstances * * * results in a reversal of the conviction." State v.Herbst (2004), 6th Dist. No. L-03-1238, 2004-Ohio-3157, ¶ 16.
 {¶ 8} Therefore, pursuant to R.C. 2937.07 and the cases cited above, appellant's sole assignment of error is well-taken.
 {¶ 9} Appellant also argues that his conviction should be vacated and that he should not be retried because the Double Jeopardy Clause bars an appellate court from remanding for a new trial. In support of this argument, appellant cites Burks v. United States (1978), 437 U.S. 1. Appellant's reliance on Burks is misplaced.
 {¶ 10} In Burks, the United States Supreme Court held that when a reviewing court reverses a guilty conviction for insufficient evidence, the Double Jeopardy Clause bars a second trial for the same offense. The Court took pains to distinguish between an appellate court's reversal based on insufficient evidence to sustain a verdict of guilty, and an appellate court's reversal based on trial error. Id. at 15. Simply put, a second trial would afford the prosecution "another opportunity to supply evidence that it failed to muster in the first trial." Id. at paragraph (a) of the syllabus. However, a finding that trial error warrants reversal does not address whether the evidence was insufficient to sustain a guilty verdict; the trial court's repair of reversible error on remand does not thereby subject the criminal defendant to double jeopardy. Id. at 15.
 {¶ 11} When a conviction is reversed pursuant to R.C. 2937.07 andCuyahoga Falls v. Bowers, 9 Ohio St.3d 148, an appellate court has found that the trial court committed error in its failure to pronounce the "circumstances of the offense." This rule does not request or require an appellate court to determine whether those circumstances were sufficient to sustain the conviction. Therefore, the Double Jeopardy Clause is not violated when the case is remanded to the trial court. See, generally,Burks v. United States, 437 U.S. at 15-16.
 {¶ 12} Therefore, we reverse and remand this case to the Sylvania Municipal Court for further proceedings consistent with this opinion. Costs to appellee. App.R. 24.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Parish, J., Skow, J. concur.