OPINION
{¶ 1} Defendant-appellant Kenneth P. Jasper appeals his conviction and sentence for reckless operation of a motor vehicle, a misdemeanor of the fourth degree. On February 19, 2005, Jasper was charged with OMVI, in violation of R.C. §4511.19(A)(1); underage consumption of alcohol, in violation of R.C. § 4309.69(E)(1); open container in a motor vehicle, in violation of R.C. § 4301.62; possession of drug paraphernalia, in violation of R.C. § 2925.14; and possession of marijuana, in violation of R.C. § 2925.11. On February 22, 2005, Jasper was arraigned, at which time he pled not guilty to all charges.
 {¶ 2} Jasper filed a motion to suppress on March 17, 2005. A hearing on said motion was held in Xenia Municipal Court on June 7, 2005. At the close of the hearing, the trial court issued an order overruling Jasper's motion to suppress.
 {¶ 3} On August 18, 2005, Jasper entered a plea of no contest to a reduced charge of reckless operation in return for dismissal of the remaining charges. The trial court found him guilty and sentenced Jasper to thirty days in jail, which was suspended, a ninety day license suspension, and a fine of $250.00. Jasper filed a notice of appeal with this Court on August 19, 2005.
 II {¶ 4} The incident that forms the basis for Jasper's conviction and sentence occurred on February 10, 2005, when Officer Matt Berry of the Cedarville Police Department observed Jasper inside a grocery store in Cedarville, Ohio. Officer Berry testified at the suppression hearing that he became alerted to Jasper's presence in the store because Jasper seemed very nervous and refused to make eye contact with either him or another law enforcement official who was present in the store. Officer Berry further testified that Jasper had red, watery eyes and appeared intoxicated.
 {¶ 5} Once Jasper completed his purchases, he left the store and entered a vehicle parked outside. Officer Berry testified that he followed Jasper outside and got into his police cruiser. At this point, Officer Berry stated that he obtained Jasper's license plate information and sent it to police dispatch. Dispatch informed him that the registered owner of the vehicle was under suspension. Officer Berry also learned from dispatch that the description of the suspended owner matched that of Jasper.
 {¶ 6} In light of this information, Officer Berry effectuated a stop of the vehicle. Before he was able to stop the vehicle, however, Officer Berry testified that he observed the vehicle weaving within its own lane of travel. Once the stop was completed, Officer Berry approached the vehicle on the driver's side. Officer Berry testified that he immediately became aware of the odor of alcohol coming from on or about the driver of the vehicle. Additionally, the driver, later identified as Jasper, still exhibited bloodshot eyes and was behaving in an "overly nervous" manner.
 {¶ 7} Believing Jasper to be intoxicated, Officer Berry asked him to exit the vehicle in order to submit to field sobriety testing. Jasper complied with Officer Berry's request and performed the horizontal gaze nystagmus test, the one-leg stand test, and the walk and turn test. Jasper failed all three sobriety tests, and Officer Berry placed him under arrest for OMVI. The vehicle also contained a passenger who was arrested on unrelated charges.
 {¶ 8} Upon conducting an inventory search of the vehicle, Officer Berry discovered a small quantity of marijuana in the glove box, marijuana roaches in the ashtray, drug paraphernalia scattered about the interior of the vehicle, a bottle of whiskey, and two cups containing alcoholic beverages. During processing at the Greene County Jail, police officers discovered another marijuana pipe containing burnt marijuana in Jasper's coat pocket.
 {¶ 9} As previously mentioned, Jasper initially pled not guilty to all charges but ultimately pled no contest to reckless operation in return for the dismissal of the remaining charges against him. The trial court found Jasper guilty of reckless operation and sentenced him accordingly.
 {¶ 10} It is from this judgment that Jasper now appeals.
 II {¶ 11} Jasper's first assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED BY OVERRULING DEFENDANTA-PPELLANT'S MOTION TO SUPPRESS THE EVIDENCE."
 {¶ 13} In his first assignment, Jasper contends that the trial court erred when it overruled his motion to suppress because Officer Berry did not possess a reasonable, articulable basis upon which to stop the vehicle Jasper was operating. Jasper further argues that even if the stop was justified, once Officer Berry became aware that Jasper possessed a valid driver's license and was not under suspension, he should have curtailed his investigation and allowed Jasper to leave. We disagree.
 {¶ 14} With respect to a motion to suppress, "the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521, 548,679 N.E.2d 321, quoting State v. Venham (1994),96 Ohio App.3d 649, 653, 645 N.E.2d 831. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. State v. Isaac
(July 15, 2005), Montgomery App. No. 20662, 2005-Ohio-3733, citing State v. Retherford (1994), 93 Ohio App.3d 586,639 N.E.2d 498. Accepting those facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id.
 {¶ 15} We have held that a computer search on a license plate which revealed that the owner did not have a valid operator's license was a sufficient basis to stop the driver of the vehicle where the police officer also had some additional basis to suspect that the owner was the driver. City of Dayton v.Erickson (March 20, 1995), Montgomery App. No. 14712 (overruled on other grounds). Normally, a police officer will compare the physical description of the owner from the Bureau of Motor Vehicle's records with his own observation of the driver. Id.
Where the descriptions have appeared to the officer to match, we have repeatedly held that the officer had a reasonable, articulable suspicion to stop the vehicle. State v. Owens
(1991), 75 Ohio App.3d 523, 599 N.E.2d 859; State v. Shelton
(July 29, 1994), Montgomery App. No. 14284; State v. Stamper
(Feb. 10, 1993), Montgomery App. No. 13469. We have also held that a stop was proper where the police officer could identify that the driver was the same gender as the owner. State v.Adams (Sept. 15, 1989), Montgomery App. No. 11608.
 {¶ 16} In the instant case, Officer Berry testified in pertinent part:
 {¶ 17} "Q: And then you got an answer back from dispatch or —
 {¶ 18} "A: Correct. They [Jasper and his passenger] were pulling out, and I began to follow them. As we were pulling out of the parking lot, dispatch advised me that the registered owner of the vehicle was under suspension. I asked for the description which they gave, and it matched the subject that was inside the store.
 {¶ 19} "Q: Did you then effectuate a stop?
 {¶ 20} "A: I did."
 {¶ 21} The trial court noted Officer Berry's testimony in this regard and specifically found said testimony to be credible. Thus, we conclude, based on our review of the record, that the trial court correctly found that Officer Berry possessed a reasonable, articulable suspicion to effectuate a stop of the vehicle Jasper was operating.
 {¶ 22} Jasper next argues that if Officer Berry possessed a reasonable, articulable basis upon which to stop the vehicle, that basis "evaporated" once Officer Berry became aware that Jasper was not under suspension but rather a properly licensed driver. We disagree.
 {¶ 23} The Ohio Supreme Court has held that a police officer, who detained an individual for a suspected traffic violation, does not have authority to detain that individual further to determine the validity of his driver's license once the officer no longer has reason to suspect that the individual is committing a traffic violation, absent some specific and articulable suspicion that detention was reasonable. State v. Chatton
(1984), 11 Ohio St.3d 59, 463 N.E.2d 1237.
 {¶ 24} Officer Berry testified that after he had stopped the vehicle Jasper was driving, he walked up to the driver's side door and made contact with Jasper. Officer Berry immediately noted the odor of alcohol emanating from on or about Jasper's person. Officer Berry testified that he also observed that Jasper was very nervous and his eyes were red and bloodshot. At this juncture, Officer Berry concluded that he had a reasonable basis to conclude that Jasper was intoxicated. Berry asked Jasper to exit the vehicle in order to perform field sobriety tests.
 {¶ 25} After reviewing the record, we agree with the findings of the trial court that under the totality of the circumstances, Officer Berry had cause to believe that Jasper was intoxicated and that field sobriety tests were warranted. Thus, the trial court's finding that Officer Berry possessed a reasonable, articulable suspicion that Jasper was intoxicated, and, therefore, subject to field sobriety testing, is supported by competent and credible evidence.
 {¶ 26} Jasper's first assignment of error is overruled.
 III {¶ 27} Jasper's second and final assignment of error is as follows:
 {¶ 28} "THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW FOR THE COURT TO MAKE A FINDING OF GUILTY OF RECKLESS OPERATION."
 {¶ 29} In his final assignment, Jasper contends that the evidence adduced at the pleas hearing is insufficient evidence as a matter of law to support the trial court's finding that he is guilty of reckless operation. Jasper asserts that there is no evidence that demonstrates that he committed the traffic offense of reckless operation or that he drove erratically on the evening he was arrested.
 {¶ 30} R.C. § 2937.07 states in part as follows:
 {¶ 31} "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for resentencing accordingly. A plea of `no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding."
 {¶ 32} The Ohio Supreme Court has held that R.C. § 2937.07
confers a substantive right. Thus, a no contest plea cannot be the basis for a finding of guilty without an explanation of circumstances. Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 459 N.E.2d 532. The statutorily required explanation of circumstances does not mandate that sworn testimony be taken but instead only contemplates some explanation of the facts surrounding the offense to ensure that the trial court does not make a finding of guilty in a perfunctory fashion. Id. at 151;State v. Herman (1971), 31 Ohio App.2d 134, 286 N.E.2d 296.
 {¶ 33} In misdemeanor cases, when a trial court sees that the operative facts recited by the prosecution do not show all of the essential elements of the offense with which the defendant is charged, it should refuse to accept defendant's plea of no contest as it is permitted to do by Crim. R. 11(E). State v.Bobo (May 13, 1993), Greene App. No. 92CA51. The trial court commits reversible error, however, when it proceeds to make an adjudication of guilt after it accepts a defendant's no contest plea to charges that are not supported by the operative facts.
 {¶ 34} After a thorough review of the transcript of the plea hearing which occurred at a distinct date and time from the motion to suppress as well as Officer Berry's offense report which was proffered at the plea hearing, it appears that the trial court and the State failed to properly pronounce the "circumstances of the offense" with respect to Jasper's reduced charge for reckless operation. We note that Officer Berry's written report makes absolutely no reference to Jasper's manner of driving. R.C. § 4511.20 states in pertinent part:
 {¶ 35} "(A) No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property."
 {¶ 36} After accepting Jasper's no contest plea and finding him guilty of reckless operation, the trial court recited into the record her recollection of the motion hearing which did not include anything regarding Jasper's driving. The trial court must have enough information to support all the essential elements of the offense in order to enter a guilty verdict upon those circumstances. State v. Spinazee (April 15, 2005), Lucas App. No. L-041-274, 2005-Ohio-1780. A trial court may not pronounce a defendant's guilt without facts on the record sufficient to support that verdict. Id. In the instant case, the trial court's recitation along with the police report is entirely devoid of any facts that would demonstrate how Jasper's operation of the vehicle was in "willful or wanton disregard of the safety of persons or property." Considering the trial court's recitation of the facts and the police report, there is simply no basis for a finding of guilty on reckless operation because there is not a single reference to Jasper's manner of driving. Officer Berry's assertion that Jasper was "weaving within his own lane" made during the motion to suppress hearing was not part of the explanation of circumstances at the plea hearing and even had it been included, it would not constitute sufficient operative facts constituting reckless operation.
 {¶ 37} Jasper's second assignment of error is sustained.
 IV {¶ 38} Jasper's second assignment of error having been sustained, the judgment of the trial court is reversed, and the case is ordered remanded for the limited purpose of judgment entry of acquittal.
Brogan, J. and Fain, J., concur.