OPINION
{¶ 1} Appellant, Ronald E. Schroyer, appeals his convictions and sentence for operation of a vehicle under the influence of alcohol and operation of a vehicle without
an operator's license. On February 3, 2006, Schroyer was charged with OMVI, in *Page 2 
violation of R.C. 4511.19(A)(1); operation of a vehicle without an operator's license, in violation of R.C. 4510.16(A); and OVI second refusal in 20 years, in violation of R.C. 4511.19(A)(2). He pleaded no contest to all offenses and was found guilty. Subsequently, Schroyer was sentenced to 180 days in jail with 170 days suspended. Alternatively, he could serve 5 days in jail and 18 days in electronic home detention. Schroyer was fined $350.00 and costs and placed on probation for one year. The court also imposed a one-year license suspension with driving privileges to and from work with restricted plates.
 {¶ 2} Schroyer filed a timely notice of appeal on June 9, 2006. On appeal, he raises the following assignments of error:
 {¶ 3} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THUS VIOLATING APPELLANT'S STATUTORY RIGHT TO A SPEEDY TRIAL.
 {¶ 4} "II. THE TRIAL COURT ERRED WHEN IT ENTERED GUILTY FINDINGS AFTER APPELLANT'S NO CONTEST PLEAS WHEN THE RECORD WAS DEVOID OF ANY FACTS SUFFICIENT TO SUPPORT GUILTY FINDINGS."
 {¶ 5} In order to facilitate the disposition of this appeal, we address Schroyer's second assignment of error initially. Schroyer contends that the trial court's finding of guilty upon his plea of no contest was in violation of R.C. 2937.07, because the trial court did not indicate that it had considered an explanation of the circumstances and facts surrounding the offenses.
 {¶ 6} R.C. 2937.07 provides in part that "[a] plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or *Page 3 
magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." In light of the Supreme Court of Ohio's decision in City of Cuyahoga Falls v.Bowers (1984), 9 Ohio St.3d 148, 9 OBR 438, 459 N.E.2d 532, this Court has held that "a defendant has a substantive right to be discharged by a finding of not guilty where `no explanation of circumstances is made.'"State v. Roland, Champaign App. No. 2005 CA 39, 2006-Ohio-3517, at ¶ 7 (citation omitted). "The statutorily required explanation of circumstances does not mandate that sworn testimony be taken but instead only contemplates some explanation of the facts surrounding the offense that the trial court does not make a finding of guilty in a perfunctory fashion." State v. Jasper, Greene App. No. 2005 CA 98, 2006-Ohio-3197, at ]}32, citing City of Cuyahoga Falls, 9 Ohio St.3d at 151.
 {¶ 7} Here, the following exchange took place at the plea hearing on May 10, 2006:
 {¶ 8} "Mr. Grove: Then with that ruling on the motion to, to dismiss for lack of being brought to Trial within the required time the Defendant would tender pleas of No Contest.
 {¶ 9} "Judge: Do you have a form here, plea form. You wanna go ahead and go over the plea form with him please.
 {¶ 10} "Ms. Turrell: May I release the witnesses, Your Honor. (sic)
 {¶ 11} "Judge: Yes.
 {¶ 12} "Ms. Turrell: Thank you.
 {¶ 13} "Judge: All right, Mr. Schroyer, actually you do not have a bad driving
record. I think the No OL, it's just gonna be court costs on that. And on the OVI *Page 4 
charge, second offense, I'm going to impose the mandatory minimums. It's going to be a Three Hundred Fifty Dollar ($350.00) fine. It'll be one year probation, court costs, one hundred and eighty days in jail. I'm gonna suspend all but ten or you can do five days and eighteen in electronic home detention. Do you have a land phone at your home?" (Tr. at 8-9.)
 {¶ 14} The State argues that Schroyer waived his right to a reading of the facts and circumstances underlying his no contest plea when the plea form was read, acknowledged and signed by Schroyer and his counsel at the hearing. According to the State, the following provisions of the plea form imply that the facts and circumstances of the offense were known by the defendant:
 {¶ 15} "I UNDERSTAND AND HAVE BEEN ADVISED OF THE FOLLOWING:
 {¶ 16} "(1) the nature of the charge filed against me, the elements of that charge and the maximum penalty involved;
 {¶ 17} "(3) I was given permission for me or my counsel to see and read the affidavit or complaint or a copy of it;
 {¶ 18} "I waive, reject and give up all these rights and I withdraw my former plea of `NOT GUILTY' and enter a plea of GUILTY / NO CONTEST to the crime of OVI 2nd."
 {¶ 19} In our judgment, a mere reading and acknowledgment of the plea form does not negate the affirmative duty imposed upon the trial court by R.C. 2937.07 to obtain an explanation of the circumstances to determine the guilt of the Defendant, nor does it constitute a waiver of such requirement. See Roland, 2006-Ohio-3517, at ]} 18-20 (finding that a written "waiver of rights and entry of plea" form did not replace the trial court's requirement to obtain an explanation of circumstances). The plea form in the *Page 5 
present matter establishes compliance with Crim.R. 11, but it does not trump the statutory duty of the trial court to determine guilt based solidly on an explanation of the circumstances. "The trial court must have enough information to support all the essential elements of the offense in order to enter a guilty verdict upon those circumstances."Jasper, 2006-Ohio-3197, at]}36. Without any indication that the trial court considered an explanation of the circumstances surrounding Schroyer's offenses, there was no basis for a finding of guilty on the charges. Thus, Schroyer's second assignment of error is sustained.
 {¶ 20} In his first assignment of error, Schroyer argues that he was denied his right to a speedy trial, where 96 days elapsed between the date of his arrest and the date of the trial. Having sustained Schroyer's second assignment of error, however, we find that this argument is rendered moot.
 {¶ 21} Pursuant to our disposition of the second assignment, Schroyer's convictions for operation of a vehicle under the influence of alcohol and operation of a vehicle without an operator's license are Reversed, and the Defendant-Appellant is Ordered Discharged.
DONOVAN and VALEN, JJ., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1