[Cite as *State v. Buennagel*, 2011-Ohio-3413.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :              C.A. CASE NO. 2010 CA 74

v.                                               :              T.C. NO.    CRB1287283S

KARL F. BUENNAGEL                                :                 (Criminal appeal from
                                        Municipal Court)

    Defendant-Appellant                      :

                                                 :

          . . . . . . . . . .

**O P I N I O N**

Rendered on the ___8th___ day of ___July___, 2011.

. . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. No. 0076747, Assistant Fairborn Prosecutor, 510 West Main Street, Fairborn, Ohio 45324
        Attorney for Plaintiff-Appellee

PAUL A. CHIARAVALLOTI, Atty. Reg. No. PHV-1191-2011, 300 International Drive, Suite 100, Williamsville, New York 14221
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Karl F. Buennagel appeals from two judgments of the Fairborn Municipal Court, which denied his applications for an order finding him not guilty following his no contest plea.   For the following reasons, the trial court's judgments will be affirmed.

I

{¶ 2} In 1983, Buennagel pled no contest to sexual imposition, a misdemeanor, in the Fairborn Municipal Court. The court apparently found him guilty and sentenced him to ten days in jail, all of which were suspended, a $150 fine, and court costs of $30. Nothing in the record suggests that Buennagel appealed from his conviction.

{¶ 3} According to Buennagel's affidavit that was attached to his 2010 Fairborn filings, Buennagel currently resides in Cheektowaga, New York, works in Buffalo, New York, and is leading a law-abiding life. Prior to 2010, Buennagel had no difficulty with international travel. In 2010, however, Buennagel was prohibited from entering Canada; he was informed by a border agent that he was being denied entry to that country due to a 1983 misdemeanor conviction.

{¶ 4} On June 8, 2010, Buennagel filed an Application for Order Finding Defendant Not Guilty Following No Contest Plea, pursuant to R.C. 2953.32,[1] asking the court to change the finding of guilty upon his no contest plea, as indicated on the court's docket, to not guilty. Buennagel stated in his supporting affidavit, in part:

{¶ 5} "4. It was my understanding that by entering a 'NO CONTEST' plea, I would not have a criminal record.

{¶ 6} "5. It is my recollection that at the time of my plea, I was not asked for an explanation of the circumstances relating to the alleged crime.

{¶ 7} "6. Recently, I discovered that as a result of this plea, I had a misdemeanor conviction on my record."

{¶ 8} In a supporting affidavit by Buennagel's counsel also filed in the Municipal

---

[1] This section relates to the sealing of records.

Court, counsel stated that the "disposition document" from the Municipal Court consisted of an index card. That card shows that "guilty" was crossed out and "no contest" was written in its place. Counsel argues that this handwritten alteration raises an inference that the trial court did not intend to find Buennagel guilty. Counsel further notes that Ohio case law requires that an explanation of the circumstances of the offense be placed on the record when a no contest plea is entered. The card does not include an explanation of the circumstances.

{¶ 9} In reviewing Buennagel's application, the trial court noted that all records concerning Buennagel's case had been destroyed in accordance with the Fairborn Municipal Court's record retention policies and the Ohio Revised Code. The only record available was an Index Summary Card, which summarized the docket and disposition of Buennagel's case. The Index Summary Card was prepared by the Clerk of Court's office of the Fairborn Municipal Court when the record was destroyed. The trial court noted that the Index Summary Card did not include a finding of guilt, but the court concluded that "[t]he fact that a criminal sentence was imposed clearly indicates that defendant was found guilty."

{¶ 10} The trial court further indicated that it could construe Buennagel's application as an application for expungement or to seal the record under R.C. 2953.32. It stated, however, that convictions for sexual imposition under R.C. 2907.06 were excluded from consideration under R.C. 2953.36. The court denied Buennagel's application.

{¶ 11} In July 2010, Buennagel filed a Renewed Application for Order Finding Defendant Not Guilty Following No Contest Plea, seeking a finding of not guilty "thereby allowing a sealing of Defendant's record or expungement." The trial court overruled the

renewed application, stating that Buennagel had failed to raise any new issues.

II

{¶ 12} Buennagel appeals from the trial court's judgments, claiming that the trial court erred in overruling his applications for a finding of not guilty.

{¶ 13} This case is complicated by the fact that the record of Buennagel's criminal case has been destroyed. It is unknown when the record was destroyed, but under the current version of R.C. 1901.41, effective March 25, 2005, the municipal court was permitted to order files to be destroyed, without first copying or reproducing the files, if the case had been finally disposed of for 15 years or more prior to the adoption of a court rule regarding record retention. R.C. 1901.41(A)(2). In 2005, Buennagel's case would have been terminated 22 years previously.

{¶ 14} R.C. 1901.41(E) further requires that "each clerk of a municipal court *** retain documentation regarding each criminal conviction and plea of guilty involving a case that is or was before the court. The documentation shall be in a form that is admissible as evidence in a criminal proceeding as evidence of a prior conviction or that is readily convertible to or producible in a form that is admissible as evidence in a criminal proceeding as evidence of a prior conviction ***." R.C. 1901.41(E). The Index Summary Card is the clerk's documentation of Buennagel's conviction. It is not the original judgment entry in Buennagel's criminal case.

{¶ 15} Buennagel argues that the Index Summary Card does not include a finding of guilt and, instead, the word "guilty" is crossed out and the phrase "No Contest 7-15-83" is written its place. He asserts that this handwritten change indicates the trial court's lack of a

finding of guilt.

{¶ 16} The Index Summary Card does not include a finding of guilt by the trial court. However, the disposition portion of the card indicates a sentence of 10 days in jail, all of which were suspended, a fine of $150, and court costs of $30. We agree with the trial court that "[t]he fact that a criminal sentence was imposed clearly indicates that defendant was found guilty." Moreover, the crossing out of the word "guilty" appears to refer to the nature of the plea that was entered, not the court's finding. We read the card to indicate that Buennagel entered a not guilty plea on May 12, 1983, and a no contest plea on July 15, 1983.

{¶ 17} Next, Buennagel argues that "[n]owhere on the Summary Card is there any indication of an explanation of the circumstances by the prosecutor or the trial court establishing the elements of the offense charged against the Appellant such that the court could make a guilty finding following the Appellant's no contest plea." Citing *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, and *Ohio v. Waddell* (1995), 71 Ohio St.3d 630, Buennagel asserts that, where the State's statement of facts fails to establish all of the elements of the offense, a defendant who pleads no contest must be acquitted of the offense.

{¶ 18} R.C. 2937.07 provides in part that "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." "The statutorily required explanation of circumstances does not mandate that sworn testimony be taken but instead only contemplates some explanation of the facts surrounding the offense that the trial court does not make a finding of guilty in a perfunctory fashion." *State v. Jasper*, Greene App. No. 2005 CA 98, 2006-Ohio-3197, ¶32, citing

*Bowers*, 9 Ohio St.3d at 151.

{¶ 19} The explanation of circumstances is not required to be included in the court's sentencing entry. Rather, the explanation of circumstances must be given at the time of the plea to ensure that the finding of guilt is warranted. Thus, even if the Index Summary Card were construed as a final judgment entry, the card is not deficient for failing to include an explanation of the circumstances. Nevertheless, whether the trial court's apparent finding of guilt was properly based upon an explanation of the circumstances is a matter that Buennagel could have raised in a direct appeal from his conviction. Because he did not appeal, he has waived this argument.

{¶ 20} Even if this argument were properly before us, we have no way of knowing from the record what was said at the plea hearing. Buennagel recalls that "neither my attorney at that time nor the prosecutor at the time were requested to give an explanation of the circumstances relating to the alleged crime," but with only the Index Summary Card in the record, we have no way to substantiate his recollection.

{¶ 21} Buennagel suggests that the State has the burden to prove that an explanation of the circumstances was given at the plea hearing. He cites *Bowers* to establish that a silent record is inadequate to show that the court considered the circumstances prior to making a finding of guilt on a no contest plea. This is not a case, however, where we have a record, but the record is silent. Rather, in this case, no record exists. Under these circumstances, we must presume the regularity and validity of the trial court's proceedings, especially since Buennagel was represented by an attorney in 1983 and his plea was made on the advice of counsel. See *State v. Harden*, Montgomery App. No. 23742,

2010-Ohio-5282.

{¶ 22} We also note that *Bowers*, even if it were relevant and would control, was rendered in 1984, after Buennagel was convicted and his appellate rights had terminated. "'In considering the issue of the retroactive application of new case law, the Supreme Court of Ohio has stated that any judicial alteration of a criminal rule of law must be applied to any case which is still pending in our state court system. However, once a conviction has become "final" because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case.'" *State v. Harrison*, Portage App. No. 2004-P-0068, 2005-Ohio-4212, ¶19, citing, in part, *State v. Evans* (1972), 32 Ohio St.2d 185, 187; *State v. Samuels*, Montgomery App. No. 24087, 2011-Ohio-2567, ¶22.

{¶ 23} Although *Bowers* holds that R.C. 2937.07 confers a substantive right, we see nothing in *Bowers* that would permit the case to be applied retroactively, such that it would invalidate a no contest plea in a completed case, such as Buennagel's, where no appeal was pending.

{¶ 24} Finally, we recognize that Buennagel's application could be construed as a petition for post-conviction relief, pursuant to R.C. 2953.21. "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111. See, also, *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶48. Buennagel's conviction predates R.C. 2953.21, but the 1995 version of the statute required defendants who were sentenced prior to September 1, 1995 (the effective date of the amended statute) and who did not pursue an

appeal to file a petition within one year of that date.

**{¶ 25}** The trial court lacks jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1). *State v. West*, Clark App. No. 08 CA 102, 2009-Ohio-7057, ¶7. Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for post-conviction relief (1) if he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) if the United States Supreme Court recognizes a new right that applies retroactively to his situation. Id. "The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. McDonald*, Erie App. No. E-04-009, 2005-Ohio-798, ¶19.

**{¶ 26}** Buennagel knew or should have known of any errors in the plea hearing, including the State's alleged failure to provide an explanation of the circumstances of his offense, at the time of the hearing. Buennagel was present with counsel at the plea hearing, and nothing in his motions suggests that he was unavoidably prevented from discovering what occurred during that hearing.

**{¶ 27}** Moreover, although Buennagel states that he believed that he would not have a criminal record upon entering his no contest plea, the Index Summary Card indicates that he was assessed a fine and court costs and that the court imposed a suspended sentence. Buennagel should have known and, if he did not, could have learned through reasonable diligence that a criminal conviction resulted from his no contest plea. Buennagel was not unavoidably prevented from learning that his no contest plea resulted in a conviction. Accordingly, even if we construed his applications for a finding of not guilty to be petitions

for post-conviction relief, they would be untimely and we would lack jurisdiction to consider them.

{¶ 28} In short, the trial court properly denied Buennagel's petitions for an order finding him not guilty on his no contest plea. Buennagel had been found guilty, and there is no basis for a subsequent finding that Buennagel was not guilty or that his being found guilty was unlawful.

{¶ 29} The trial court also properly concluded that it could not seal the record of his conviction. R.C. 2953.36(B) expressly states that R.C. 2953.31 to R.C. 2953.35 (sealing of records) do not apply to convictions under R.C. 2907.06, the sexual imposition statute. R.C. 2907.06 is not mentioned on the Index Summary Card, but R.C. 2953.36(B) also applies to substantially similar municipal ordinances.

{¶ 30} Finally, the trial court properly concluded that Buennagel's renewed application did not raise any new issues and was, therefore, barred by res judicata.

{¶ 31} Buennagel's assignment of error is overruled.

### III

{¶ 32} The trial court's judgments will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Betsy A. Deeds
Paul A. Chiaravalloti
Hon. Beth Root