[Cite as *State v. Parks*, 2014-Ohio-5365.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

MICHAEL R. PARKS

      Defendant-Appellant


Appellate Case No.    2014-CA-9

Trial Court Case No.   2012-CR-111


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 5th day of December, 2014.

. . . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Darke County Prosecuting Attorney, 504 South Broadway, Greenville, Ohio 45331
      Attorney for Plaintiff-Appellee

MICHAEL R. PARKS, Inmate No. A675-244, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-appellant, Michael R. Parks, appeals pro se from the decision of the Darke County Court of Common Pleas denying his "Motion to Enforce Original Plea Agreement," which we will construe as a petition for postconviction relief. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2}     In 2006, the trial court sentenced Parks to five years in prison following his conviction for sexual battery and tampering with evidence in Case Nos. 05-CR-13536 and 06-CR-13578. After serving his five-year prison sentence, Parks began serving five years of mandatory postrelease control under the supervision of the Adult Parole Authority ("APA").

{¶ 3}     On June 29, 2012, while still under APA supervision, Parks was indicted by the Darke County Grand Jury for nine counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), all felonies of the third degree. Each count included a specification requiring a mandatory prison term due to the victim being a child under the age of 13.

{¶ 4}     Pursuant to a plea agreement, on November 16, 2012, Parks entered an *Alford* plea of guilty to one count of gross sexual imposition with the specification for a mandatory prison term. In exchange for Parks's guilty plea, the State dismissed the remaining eight counts and the parties jointly recommended a mandatory prison term of 36 months. On November 20, 2012, the trial court accepted the jointly recommended sentence and imposed a 36-month prison term.

{¶ 5}     On May 2, 2014, approximately one and a half years later, Parks filed a "Motion

to Enforce Original Plea Agreement" with the trial court. In the motion, Parks contended that his sentence and conviction for gross sexual imposition should be vacated for violating the Double Jeopardy Clause of both the Ohio and United States Constitutions. Specifically, Parks claimed his rights under the Double Jeopardy Clause were violated because, prior to his conviction for gross sexual imposition, the APA had already imposed a judgment and punishment against him for the conduct that was the basis of that offense. On June 4, 2014, the trial court denied Parks's motion.

{¶ 6} Parks now appeals from the trial court's decision denying his motion. He did not, however, set forth any assignments of error for our review as required by App.R. 16(A)(3). Nevertheless, we infer from his appellate brief that he is claiming the trial court erred in overruling his motion on grounds that his conviction and sentence violates the Double Jeopardy Clause.

{¶ 7} Despite its caption, the substance of Parks's motion meets the definition of a petition for postconviction relief as set forth in R.C. 2953.21(A)(1). Specifically, the motion: (1) was filed subsequent to the expiration of the time Parks could file a direct appeal; (2) claimed a denial of constitutional rights under the Double Jeopardy Clauses of the Ohio and United States Constitutions; (3) sought to render the judgment void; and (4) asked to vacate the sentence and conviction. *See State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Moreover, it is well established that " '[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.' " *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 3, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. (Other citation omitted.) Accordingly,

we shall review Parks's "Motion to Enforce Original Plea Agreement" as a petition for postconviction relief.

{¶ 8} Petitions for postconviction relief are governed by R.C. 2953.21, which provides, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶ 9} R.C. 2953.21 also sets forth certain time constraints for filing petitions for postconviction relief. Pursuant to section (A)(2) of the statute, if a defendant does not directly appeal his judgment of conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). "The trial court lacks jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1)." *State v. Buennagel*, 2d Dist. Greene No. 2010 CA 74, 2011-Ohio-3413, ¶ 25, citing *State v. West*, 2d Dist. Clark No. 08CA0102, 2009-Ohio-7057, ¶ 7.

{¶ 10} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for

postconviction relief if (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new right that applies retroactively to his situation." *Id.* " 'The phrase "unavoidably prevented" means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.' " *Id.*, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. The defendant must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 11}  In this case, Parks's petition for postconviction relief is untimely. Parks was convicted and sentenced on November 20, 2012. According to App.R. 4(A), he had 30 days, or until December 20, 2012, to file a direct appeal from his conviction. Parks did not file a direct appeal; therefore, he had 180 days from December 20, 2012, to file a timely petition for postconviction relief. Parks, however, did not file his petition until May 2, 2014, well after the statutory deadline. In addition, we also note that Parks does not meet either exception for filing an untimely petition under R.C. 2953.23(A)(1)(a). As a result, the trial court lacked jurisdiction to consider Parks's untimely petition and it was appropriately overruled.

{¶ 12}  The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

R. Kelly Ormsby, III
Michael R. Parks
Hon. Jonathan P. Hein